BERNARD v. ABEL et al.

In re BERNARD.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1907.)

No. 1,437.

**1. JUDGMENT—CORRECTION AFTER TERM—AUTHORITY OF COURT.**

It is within the power of a court to amend its record of a judgment at a subsequent term to prevent injustice through a mistake or inadvertence of the judge or counsel or the clerk, as by correcting the wording of an order of dismissal which by mistake did not conform to the motion on which it was based.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 594–599.]

**2. SAME—NOTICE OF MOTION.**

It is not a fatal objection to a nunc pro tunc order correcting a judgment on the ground of mistake that the motion therefor was not served as many days before the hearing as required by the rules of court in case of ordinary motions in suits.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 622.]

**3. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—DISMISSAL BY PETITIONERS.**

The only issues triable in a contested bankruptcy proceeding are those of insolvency and whether the alleged act of bankruptcy has been com-

mitted, and the court is not required to deny a motion by the petition-ing creditors for a dismissal of the proceeding, if satisfied that it is made in good faith, because of other issues sought to be raised by the answer and which it has no power to try.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 136.]

Petition for Review and Appeal from the District Court of the United States for the Western Division of the Western District of Washington.

J. C. Cross, for appellant.
W. I. Agnew and G. C. Israel, for appellees.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

HUNT, District Judge. On July 18, 1905, a petition in involuntary bankruptcy was filed in the District Court of the United States for the Western District of Washington, Western Division, by Veysey Bros., T. H. McKay, S. M. Heath, and W. H. Abel, praying that Joseph Bernard, appellant here, be adjudged a bankrupt under the bankruptcy laws of the United States. The principal ground for the petition in involuntary bankruptcy was that within four months preceding the filing of the petition Bernard, while insolvent, committed an act of bankruptcy, in that he transferred a portion of his property to one or more of his creditors, with intent to prefer such creditors over his other creditors, by executing and delivering to the Northwestern Lumber Company a bill of sale purporting to convey a certain logging outfit, and that the instrument of sale was made by Bernard, and accepted by the lumber company, for the purpose and with the intent to injure, delay, and defraud the creditors of Bernard. The petition in bankruptcy also alleged that, in a suit brought in the superior court of the state of Washington by Veysey Bros. against said Bernard, the personal property just described—that is, the logging outfit—was attached, and was thereafter claimed by the Northwestern Lumber Company, and that in an action duly brought by it a judgment was rendered that, by the bill of sale referred to, it became the owner of the said property, and that said attachment was thereby released, and that certain real estate had been attached, but that petitioners in bankruptcy, Veysey Bros., had released said attachments, and in their petition in involuntary bankruptcy had expressly waived any right under the said attachments. Bernard answered the petition, denying any indebtedness to the petitioners, denying insolvency, and denying that he had committed the act of bankruptcy set forth in the petition. He also set up that about March 31, 1905, Veysey Bros. brought suit against him upon the alleged indebtedness referred to in their petition, and that they had wrongfully caused an attachment to be issued in said suit, wrongfully levied upon certain of his property, and that the attachment was one in full force and effect when the petition in bankruptcy was filed, and that the claim of Veysey Bros. was a disputed and unliquidated one. Bernard objected to being declared a bankrupt, and prayed that the questions involved should be tried by jury.

Replication in due form was filed by the creditors who had petitioned in the proceeding in bankruptcy. On May 4th the petitioning creditors moved the court to dismiss the proceedings "without right to further prosecute." The motion recited that it was made for the reason that, since the filing of the petition, the bankrupt had been engaged in business, and was then in a position to pay, and had stated his willingness to pay, the debts of the petitioning creditors, on account of which the proceeding was instituted. On May 28th Bernard filed an affidavit objecting to the allowance of the motion for a dismissal of the proceeding. The objections of Bernard were based upon the following grounds: That the proceeding had been brought without just cause; that, when the petition was filed, he was and ever since had been engaged in a profitable business; that he had been and then was in a position to pay his debts to petitioners, and had stated his willingness to pay any sum or sums due, and owing by him to petitioners. He further set forth that he had paid certain of the petitioners amounts found due, and, furthermore, that, when the petition in bankruptcy was filed, there was pending in the superior court of the state of Washington a suit brought by Veysey Bros. involving a claim made the basis of the petition in bankruptcy; that the amount of the claim was in issue, but that he had expressed his disposition and willingness to pay to Veysey Bros. any amount justly due. He then set forth that he had been damaged by reason of the proceedings, and that, upon proper proceedings, he was willing that the matter be dismissed, but he insisted "that such dismissal be upon the answer of this affiant made and served herein, as aforesaid." Thereafter, on June 13th, the court entered a judgment of dismissal. The judgment recited that the matter came on regularly to be heard on motion of the petitioning creditors, "praying for a dismissal of this petition without right to further prosecute"; and thereupon it was ordered "that the petition herein be, and the same is, dismissed without right to further prosecute their claims." Thereafter, on September 19th, the petitioning creditors moved the court that the order of dismissal be modified so as to show that the right of the petitioning creditors to sue upon their claims in the state courts was preserved by limiting the right to further prosecute, referred to in said order, to bankruptcy proceedings. Notice of this motion to modify was served on September 19, 1906, upon the attorney for Bernard by leaving a copy with him in his office at Aberdeen, Wash. Thereafter, on September 26th, Bernard filed a special appearance and objections in the matter of the motion for the modification of the judgment of dismissal. He objected because the time designated in the notice of hearing of the petition for modification was not a rule day; that the notice of hearing was not sufficient under the rules of practice of the bankruptcy court. In his appearance, however, it was set forth that, if the special appearance was not sanctioned, he would, subject to exceptions, appear generally within the time allowed therefor by the law or by order of the court, and plead. The court overruled the objections, and denied the request for the allowance of time to appear generally and plead. Exceptions were allowed. Thereafter, on the same day, the court entered an order

reciting generally the proceedings upon the motion of the petitioners to modify the judgment of dismissal, and reciting, also, as follows:

"And it appearing to the court that the judgment of dismissal filed in this cause on June 13, 1906, was inadvertently entered, and by inadvertence did not conform to the motion to dismiss the action filed by the petitioners."

It was ordered that the judgment of dismissal of June 13, 1906, be vacated and expunged from the record; that the motion to dismiss the bankruptcy proceeding filed on May 4th should be granted, and ordering that said cause—that is, the bankruptcy proceeding—"is hereby dismissed without right to further prosecute for adjudication of bankruptcy under the national bankruptcy law for any of the causes alleged in the petition herein." It was further ordered that the judgment then rendered by the court "be entered nunc pro tunc as of date June 13, 1906." Bernard thereafter duly filed his bill of exceptions, and appealed to this court, praying herein for a review of the proceedings of the district court. The respondents herein demur to the petition for review upon the ground that it does not state facts sufficient to entitle the petitioner to a writ.

Rev. St. § 572, 26 Stat. 45, c. 65, § 6 [U. S. Comp. St. 1901, p. 464], provides as follows:

"The regular terms of the district courts shall be held at the times and places following, but when any of said dates shall fall on Sunday, the term shall commence on the following day. * * * Washington, Tacoma, first Tuesday in February and July."

The principal question involved is whether the court had authority to vacate the judgment of dismissal, and to make a judgment nunc pro tunc at the time and under the circumstances stated. Courts have the power to amend their judgments, upon proper showing, within a reasonable time, when no such change of circumstances has occurred as would make an amendment unjust to third persons or to the parties themselves. It happens sometimes, for instance, that applications to amend verdicts are granted even after error has been brought. Such amendments have often been allowed upon the judge's notes of the evidence at the trial, or upon other evidence clearly establishing the justice of the proposed amendments. This principle is distinctly stated in Matheson's Adm'r v. Grant's Adm'r, 2 How. 263, 11 L. Ed. 261. "It is a familiar doctrine," said the Supreme Court in Insurance Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395, "that courts always have jurisdiction over their records to make them conform to what was actually done at the time; and, whatever may have been the rule announced in some of the old cases, the modern doctrine is that some orders and amendments may be made at a subsequent term, and directed to be entered, and become of record, as of a former term."

This power is one to make the record speak the truth. It is salutary, and enables courts to prevent injustice through mere mistake or inadvertence of the judge, or counsel, or the clerk. After the expiration of the term at which a judgment is rendered, there is no power in a court of law to amend a record in order to make it show that which did not take place, as to do this would be to exercise a revisory or appellate power of the court's own decisions; but, upon proper showing, the

power to correct a record by amending a judgment at a subsequent term is thoroughly well established. Bank v. Moss, 6 How. 31, 12 L. Ed. 331; 1 Freeman on Judgments, § 72; Odell v. Reynolds, 70 Fed. 656, 17 C. C. A. 317. The record in this case shows that the first judgment of dismissal did not conform to the motion for dismissal. It clearly appears that litigation between certain of the creditors and Bernard was pending in the state courts when the order of dismissal of the bankruptcy proceedings was applied for, and that the original motion to dismiss did not contemplate a judicial injunction by the bankrupt court against the pursuit of that litigation. It is evident that all that the court meant by its action was a dismissal of the proceedings in bankruptcy, without right to carry on such proceedings, and such only, any longer. But, by inadvertence, the order read as if it intended to cut the creditors off from carrying on their suits in other courts to recover certain claims. That the court, under the circumstances, was within its power when, upon motion, it made its record speak the exact truth by limiting the words expressing its meaning seems too plain to require further discussion.

There is no real merit in the point that notice of hearing of the motion to modify was not given for as many days before the hearing as the rules of the United States court in and for the district of Washington require in usual practice pertaining to motions. It is apparent that petitioner, Bernard, was in no way injured by the correction of the record. In his affidavit resisting the motion to dismiss the proceedings, after stating that they had been instituted without good cause, he alleged general damages, and stated that upon "proper proceedings" he was willing that the matter might be dismissed, but insisted "that such dismissal be upon the answer of this affiant made and served herein as aforesaid." He expressly alleged payments to certain of the petitioning creditors since the petition in bankruptcy had been filed, and admitted the pendency of litigation with certain other petitioning creditors in the state court, involving a claim of Veysey Bros., which claim was the basis of the petition in bankruptcy, and admitted also a willingness to pay such creditors "the amount justly due and owing." The bankruptcy court, however, was not justified in retaining the bankruptcy proceeding in order that it might determine the issues still pending and undetermined in the state court, while it was wholly beyond its power to have tried the question of damages for a wrongful institution of bankruptcy proceedings, inasmuch as the only issues triable upon a contested bankruptcy case are those of insolvency and whether the alleged act of bankruptcy has been committed. Bankr. Act, § 19, subds. "a," "b" (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]); Collier on Bankruptcy, p. 257.

Under the circumstances, therefore, if petitioning creditors wished to dismiss their petition in bankruptcy, and to try their suit in the state court, they had a right to move for a dismissal of the bankruptcy matter, and, if the court believed they were in good faith, to obtain such an order.

The petition for a writ will be dismissed.