## MRS. K. E. BIZZELL v. AUTO TIRE AND EQUIPMENT COMPANY.

(Filed 5 October, 1921.)

**1. Attorney and Client—Principal and Agent—Scope of Authority.**

By virtue of his employment, an attorney at law has the control and management of a suit of his client in all matters of procedure, and has the implied authority to make such stipulations and agreements as may commend themselves to his judgment in so far as they may affect the remedy he is endeavoring to pursue.

**2. Same—Consent Judgments.**

Under ordinary conditions there is an implied authority presumed from the relation of attorney and client that the attorney may consent to the rendition of a judgment against his client, in the absence of fraud or collusion, and in proper instances, it will be binding upon his client.

**3. Same—Impairment of Client's Rights.**

The principle upon which an attorney has implied authority from his client to bind him by consent in the course of the procedure, does not

extend to compromising his client's cause of action or to entering into stipulations or agreements which sensibly impair such client's rights and interests involved in the litigation.

**4. Judgments Set Aside—Motions—Attorney and Client—Consent of Client—Procedure.**

Where the court has entered a judgment appearing by record as upon the consent of the parties, and thereafter it is properly made to appear on motion and by affidavits that the plaintiff's attorney not only did not have his client's consent, but had acted contrary to her instructions, substantially impairing her rights in the subject-matter of the litigation, the Superior Court judge, at a subsequent term, in proper instances, may pass upon the question, and the fact that the former judge has regularly entered the judgment as upon the consent of the parties does not affect the power of the subsequent judge, hearing the motion, to set the judgment aside.

**5. Same—Verdicts—Conditions Imposed by Court.**

Where the plaintiff in ejectment is suing for possession and the recovery of a certain amount of rent money and the jury has found the issue as to possession in her favor and awarded a recovery for rental in a certain less amount, and the judge has said he would set the entire verdict aside unless the plaintiff agreed to a still less sum than the amount of the verdict, and her attorney without her consent and against her instruction has agreed thereto, and the judgment was accordingly entered, appearing on its face to be by consent of the parties, on a subsequent motion and affidavits to set the verdict aside, the plaintiff may not take advantage of the verdict on the issue in her favor, and repudiate the verdict on the second one, as to the amount of recovery for the rent, and the judge hearing the motion and so finding the facts, should set the entire verdict aside.

**6. Judgments Set Aside—Motions—Terms of Court—Equity.**

C. S., sec. 591, requiring that a motion to set aside a verdict be made before the judge who tried the cause, and in term, refers to motions made in the ordinary course and practice of the courts, and does not impair or interfere with equitable principles controlling the conduct of the litigant in the subsequent course of a proceeding.

**7. Judgments Set Aside—Verdict—Attorney and Client—Consent—Estoppel—Equity.**

Where the trial judge has announced his decision to set aside a verdict unless the parties should agree in a certain particular, to which the plaintiff's attorney agreed without the consent of his client and against her instructions, and the judgment so agreed upon has been accordingly entered, the plaintiff may not thereafter repudiate the agreement made in her behalf by her attorney, and also repudiate the result thereby attained, and she is estopped from resisting the entry of judgment setting aside the verdict *nunc pro tunc.*

**8. Landlord and Tenant—Leases—Contracts—Notice—Tenant Holding Over—Damages.**

Where the written contract of rental provides that the landlord may increase the rental of the premises at any time during the life of the lease without further notice, and there is evidence that subsequently, by

parol, the parties have agreed that in consideration of the tenant's having put valuable improvements on the premises the rental should not be increased within the year, and that within that period the landlord has notified him of an increase and he had continued for a time in possession: *Held*, the tenant so holding over under a reasonable claim of right is not as a matter of law held to the payment of the increase of rental demanded by the plaintiff in ejectment, as no contract, express or implied, has been established for a greater rental than a fair and reasonable value of the property, and this is the measure of damages if a wrongful holding over of the defendant has been established.

APPEAL by both parties from *Lyon, J.,* at the April Term, 1921, of WAYNE.

Summary proceedings in ejectment, under the landlord and tenant act, instituted before a justice of the peace, carried by appeal to the county court of Wayne County, and thence to Superior Court of said county, where it was tried before *Devin, J.,* and a jury, at November Term, 1920. On the trial plaintiff offered in evidence a contract of rental of the property to defendant at $57.50, for month beginning 19 January, 1920, said contract containing, among others, the following provision: "The party of the first part hereby reserves the right to raise the rent at any time, and it is further agreed that if any part of the rent hereinbefore mentioned shall not be paid at the time agreed upon, although no demand shall have been made for same, the parties of the second part hereby contract and agree that this agreement shall serve as notice to vacate the premises within three days of such failure."

Defendants occupied under said lease, paying the stipulated rent till 9 June, 1920, when plaintiff caused to be served on defendants a written notice to the effect that if defendants should hold over "for one day after 18 June they would be held legally responsible for rent at $150 per month. Defendant alleged and offered evidence tending to show that subsequent to the written lease above referred to, plaintiff and defendant had mutually entered into a further agreement to the effect that if defendant should put certain specified improvements on the premises, amounting to near $2,000, and which had been done, defendants would be allowed to keep the premises for at least one year, and that the rental should at no time be raised higher than $75 per month. The witnesses all testified that a fair monthly rental for the property would not exceed $60.

The jury rendered the following verdict:

"1. Is plaintiff entitled to recover possession of the store buildings described in plaintiff's affidavit? Answer: 'Yes.'

"2. In what amount is defendant indebted to plaintiff for rent of said building? Answer: '$111.66⅔ per month.'"

His Honor having ruled, and so instructed the jury, on the second issue that if first issue was answered for plaintiff, she was entitled to recover a fair monthly rental for the property.

On the rendition of verdict, and motion by defendant to set same aside, the court, as against the weight of the evidence, intimated that he would set aside the entire verdict as against the weight of the evidence unless the plaintiff would consent to reduce the amount of the verdict to $60 per month. Thereupon, in open court, plaintiff's attorney consented, without being authorized to do so by his client, that the monthly value of the building, as found by the second issue, be reduced from $111.66⅔ to $60, and judgment was thereupon entered for $60 per month for the time building was occupied after notice, etc., said judgment reciting that plaintiff consented to same.

Defendant insisted on his position and excepted and appealed from judgment as rendered, but same was not perfected. Plaintiff did not appeal, and made no motion in the case at November or at the January term of the court, but at April Term, 1921, before his Honor, *Lyon, J.,* presiding, moved to set aside the judgment on the ground that the attorney acted without authority and contrary to their express instructions in consenting to a reduction of the verdict. On affidavits submitted, the court finds that said consent was given without authority; that but for said consent the judge presiding would have set aside the entire verdict. The court, on his findings, adjudged that the former judgment of Judge Devin be set aside, but being of opinion that he was without authority to disturb the verdict of $111.66⅔, this being at a term subsequent to term when same was rendered, entered judgment for plaintiff for the amount of the original verdict, and both plaintiff and defendants appealed.

*Hood & Hood and Rouse & Rouse for plaintiff.*
*E. M. Land and Dickinson & Freeman for defendant.*

### DEFENDANT'S APPEAL.

HOKE, J., after stating the case: It is very generally understood, uniformly so far as examined, that an attorney at law, by virtue of his employment as such in a given case, has the control and management of a suit in all matters of procedure, and in the absence of fraud and collusion can make such stipulations and agreements as may commend themselves to his judgment in so far as they may affect the remedy he is endeavoring to pursue. *Chemical Co. v. Bass,* 175 N. C., 426; *Gardiner v. May,* 172 N. C., 192; *Harrill v. R. R.,* 144 N. C., 542; *Westhall v. Hoyle,* 141 N. C., 338; *Hairston v. Garwood,* 123 N. C., 345; *Henry v. Hilliard, etc.,* 120 N. C., 479; 2d R. C. L., title, Attorneys, sec. 63.

Under the principles stated it is held in many decisions on the subject that an attorney may consent to a judgment against his client, and the same will be considered as binding, although no actual authority is shown. Under ordinary conditions, an implied authority is presumed from his office and employment. *Harrill's case, supra; Stump & Sons v. Long,* 84 N. C., 616, and see numerous authorities to this effect in editorial note to *Tobler v. Nevitt,* 45 Col., 231, appearing in 132 American State, at p. 162.

It is also fully recognized that an attorney, by virtue of his office and ordinary employment in a case, has no implied power to compromise his client's cause of action, or to enter into stipulations or agreements which sensibly impair such client's substantial rights and interests presented and involved in the litigation. *Moye v. Cogdell,* 69 N. C., 93; *Gibson v. Nelson,* 111 Minn., 183, and see concurring opinion of *Walker, J.,* in *Chemical Co. v. Bass,* 175 N. C., 426, the same containing a helpful discussion and full citation of cases on the subject.

Though it is sometimes said that the weight of judicial opinion is in favor of upholding consent judgments entered under the implied powers of an employed attorney, some of the decisions referred to have been subjected to adverse comment by intelligent writers as trenching upon the second position stated, that an attorney may not, without express authority, enter into a compromise of the cause of action committed to him, and the sensible impairment of his client's rights thereunder. See editorial note to *Clark v. Randal,* 9 Wisconsin, 135, appearing in 76 American Decisions, 252-259, and 2d R. C. L., title, Attorneys at Law, sec. 91.

And in this jurisdiction it has been expressly held that where a judgment has been taken by consent of the attorney, and it appears of record that such consent is pursuant to a compromise which sensibly impairs the client's substantial rights and on motion made in apt time, it is established that the consent and compromise is without express authority from the client, and even contrary to his instructions, such judgment will be set aside. And the same position should obtain where, though not appearing of record, it is shown on motion and proper proof that such a judgment has been entered and the impeaching facts were known to the opposing litigant or the attendant circumstances were such that knowledge should be imputed. *Bank v. McEwen,* 160 N. C., 414, and cases cited.

Under these decisions, and others of like kind, and by courts of approved ability and learning, his Honor clearly had the right to deal with the questions presented in the motion, it appearing that the agreement and consent judgment entered into by way of compromise and adjustment was not only without authority, but contrary to the express

instructions of the client, and that by such judgment plaintiff was precluded from insisting on her claim for $150 monthly rental, and also deprived of the $111.66⅔ monthly rental which had been awarded her by the jury. And this case of *Bank v. McEwen* is authority for the position also that when the facts call for the application of the principle, its effect and operation is not prevented because the course has been taken with the sanction and approval of the court. This by no means intimates that his Honor would have permitted or signed the judgment entered had the lack of authority been made known. That was only made to appear at the later hearing, and we deem it not improper here to note also that no blame is laid by any one on the attorney who, always faithful to his client's interest, did the duty that he thought was required of him under the circumstances presented.

While we thus uphold the power of the court to take cognizance of the questions presented in the motion, we are of opinion that his Honor should have gone further and set aside the entire verdict as the only lawful adjustment of the rights of the parties in the premises. It is an equitable principle, very generally recognized, that in a given transaction a man may not assume and maintain inconsistent positions to the prejudice of another's rights. And the principle so stated is usually allowed to prevail either in court proceedings or in transactions between individuals. *Ingram v. Power Co.,* 181 N. C., 359-411; *Maxton Auto Co. v. Rudd,* 176 N. C., 497; *Lipsitz v. Smith,* 178 N. C., 98-100; *Brown v. Chemical Co.,* 165 N. C., 421; *R. R. v. McCarthy,* 96 U. S., 258.

In the case of *Maxton Auto Co. v. Rudd, supra,* it is said that "the position is properly referred to the doctrine of estoppel *in pais,* which rests in its last analysis on the principles of fraud." From the facts presented in the record, it appears that plaintiff on the first issue had established the right to eject defendant, and on the second had recovered $111.66⅔ monthly rental for a wrongful detention. The judge from the bench gave intimation that unless the plaintiff agreed to a reduction of the amount awarded on the second issue he would set aside the entire verdict, and the Court, on the present hearing, finds as a fact that his Honor would have done so. Acting on this, the counsel, in good faith, believing he was within his authority, consented to the reduction, and plaintiff thereby succeeded in maintaining her recovery on the first issue. We have held that the agreement, being in the nature of the compromise and contrary to the client's instructions, could be set aside at plaintiff's demand, but when she repudiates the benefits she must surrender the advantages that arose to her from the action of her attorney, and under a proper application of the authorities cited and the principles they approve and illustrate, his Honor should have set aside the entire verdict, thus giving the parties opportunity to relitigate the

issues. This was the course pursued in *Bank v. McEwen, supra,* a case that is decisive of the principal questions presented on defendant's appeal.

In making this disposition of defendant's appeal we are not unmindful of C. S., 591, which requires that a motion to set aside a verdict may be made before the judge who tried the cause, and only at the trial term. That statute, however, refers to motions made in the ordinary course and practice of the court, and does not and is not intended to impair or interfere with equitable principles controlling the conduct of the litigant in the subsequent course of a proceeding. As a matter of fact, the trial judge had decided to set aside the entire verdict, and at the trial term, and was only prevented from doing so by reason of the agreement which plaintiff has repudiated, and this being true, she is estopped from resisting the entry of such judgment *nunc pro tunc.*

On defendant's appeal the judgment will be modified to accord with this opinion, and the costs of said appeal will be divided between the parties.

Modified.

### PLAINTIFF'S APPEAL.

HOKE, J. Plaintiff appeals in the cause, insisting for error that the court should have ruled that on a wrongful holding over the defendant was liable for $150 monthly rental, as a matter of law, and this by reason of the notice given and the stipulations of the contract, that she reserved the right to raise the rent at any time, and that if any of the rent was not paid, though no demand was made, that defendant would surrender the premises on three days notice, etc.

There are authorities to the effect that where a landlord, in proper time before termination of lease, notifies the tenant that if he continues to occupy longer it shall be at a rental specified, and the tenant, after such notice received, holds over without demur or protest, there will be an obligation to pay the higher rental as specified. 2 McAdam, Landlord and Tenant (3 ed.), sec. 279. But this we apprehend is on the ground of acquiescence, and from which an implied contract to pay the higher rental could be reasonably inferred. It may be that such a principle might be extended to a case where a tenant, after such a notice given, withholds possession wantonly without any fair and reasonable belief in his right, though on this supposition we make no present decision. It is ordinarily true that the obligation to pay rent must arise out of contract, express or implied, and we are very well assured that on the facts of this record defendant may not be held to a rental of $150 as a matter of law merely on plaintiff's notice that such an amount would be insisted on after the stipulated date, it appearing that defend-

ant withheld possession under claim of right and with evidence on his part tending to show that by a contract subsequent to the principal lease and in consideration of valuable improvements, plaintiff had agreed that defendant's possession should not be disturbed within the year, which had not expired, and no witness having so far testified that the fair rental value would exceed $60 per month. On the record, plaintiff has established no contract, express or implied, for a greater rental than the fair and reasonable value of the property, and his Honor correctly held that in case a wrongful withholding should be established this should be the measure of plaintiff's recovery. *Martin v. Clegg*, 163 N. C., 528; *DeYoung v. Buchanan*, 10 Gill & Johnson, 149.

There is no error, and on question presented on plaintiff's appeal, the judgment is affirmed.

No error.