## DICK v. UNITED STATES.

No. 8725.

Circuit Court of Appeals, Eighth Circuit.

April 25, 1930.

Fred W. Lewis and John J. Cosgrove, both of Kansas City, Mo., for appellant.

William L. Vandeventer, U. S. Atty., and Chet A. Keyes, Asst. U. S. Atty., both of Kansas City, Mo.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

An indictment was returned in the Western district of Missouri, wherein M. W. Dick, appellant, and Harry McDonald, were charged, under the National Prohibition Act (27 USCA), in the first count, with a second offense of sale of intoxicating liquors, in the second count with possession of gin and whisky, and in the third count with maintaining a nuisance. McDonald entered a plea of guilty, and appellant stood trial and was convicted on all three counts. The sentence imposed was, on the first count, two years in prison; on the second count, a fine of $100; on the third count, five days in jail.

It is contended that the evidence was wholly insufficient to sustain the charge. No motion for a directed verdict was made at the close of the evidence in this case, and consequently the only question that can be here for review is whether there is in the record any substantial evidence to sustain

the verdict. Wishart v. U. S. (C. C. A.) 29 F.(2d) 103, and cases therein cited.

The indictment alleged that appellant was previously charged with having made an unlawful sale of liquor on the 29th of March, 1925, and that he was tried in the United States District Court for the Western District of Missouri, and convicted of the said offense on the 21st day of May, 1925, and was sentenced to serve a term in the Johnson county jail.

National Prohibition Act tit. 2, § 29, 27 USCA § 46, provides, in part, "it shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment." In view of the fact that the government is required to plead the facts essential to a finding that the defendant is a second offender, the government must prove these facts the same as other allegations contained in the indictment. Klein v. U. S. (C. C. A.) 14 F.(2d) 35; McCarren v. U. S. (C. C. A.) 8 F.(2d) 113. So, the question is whether that proof was presented in this case.

To sustain this allegation made in the indictment a deputy clerk of the court was called as a witness and testified that the following entry was to be found in the records of the court on May 25, 1925: "This day comes James C. Madison, United States Attorney; also come defendants in person and with counsel; and it appearing to the court that defendants have heretofore been jointly tried by a jury, and defendant M. W. Dick found guilty on three counts of the information and defendant George Burgess found guilty on count one and two and not guilty on count three of the information herein; and the court being now fully advised in the premises fixes the punishment of the defendants as follows: For defendant M. W. Dick, at imprisonment in the Johnson County jail at Warrensburg, Missouri, for a period of five months on the first count; a fine of $100 on the second count and imprisonment in the Johnson County jail at Warrensburg, Missouri, for a period of three months on the third count of the information without costs; the sentence imposed on the third count of the information to commence to run and be served at the expiration of the sentence imposed on the second count of the information herein. The fine imposed on the second count to be placed upon execution."

Thereafter a witness was called who testified that he was present at the trial of the former case, and he identified appellee as having been the person mentioned in the above record. The appellant also while on the stand stated that he was the person mentioned in this record; that he was tried by a jury in May, 1925, convicted, and sentence to serve a term in the Johnson county jail.

This evidence covers every phase of the prior conviction, except that it does not show the character of the offense; that is, that it was a sale of liquor.

At the trial of the present case, counsel for appellant in his opening statement to the jury said: "The defendant in this case, Mr. Dick, is charged with having made a sale of liquor in 1925, in this court, and with having entered a plea of not guilty and having trial there he was found guilty, and was sentenced to serve eight months in jail, and that will be admitted by this man Dick. There is no controversy about that and we will not take up any more of the Court's time on that. He was sentenced in this court. I do not remember the judge. I did not represent him at that time, but he was sentenced to eight months in jail for that offense, and went down to Warrensburg and served it and paid the government everything he owed. That will be admitted. That was in January, 1925."

Counsel also said in this closing argument: "They charged him with being a second offender, and he comes in here and admits that in May, 1925, he came up here and stood trial. He was just a boy then. He was convicted, and he went down here in the jail at Warrensburg, in Johnson County, and served his eight months. And he don't owe the Government of the United States or the prosecutor's office or the prohibition agents or the police department of this city one cent for the crime that was committed in 1925. He has paid that penalty."

The trial court, acting on the evidence submitted and the admission of counsel, charged the jury on this point as follows: "It appears without controversy that the defendant had previously been convicted of a similar offense, that is to say, in the year 1925, he was tried and convicted in this court of having made a sale of a quantity of intoxicating liquor and was punished for that." No objections were made or exceptions taken to the charge.

It is said that the statement of counsel at the former trial cannot relieve the govern-

ment of the burden of proving its case because the statement does not "rise to the dignity of an admission," and that it is not "distinguished by that distinctness, formality, and solemnity necessary to constitute an admission." The statement should be construed as any other statement would be interpreted by ascertaining what the party making it meant by the use of such words. There is no particular form that an admission is required to take. If the intent can be ascertained from the words used, the form in which they are placed is of no significance. Counsel expressly stated that appellant was convicted of making a sale of liquor in 1925; that there was no controversy about that, and no occasion to take up the time of the court in that connection. Appellant, by his silence, acquiesced in the statement of his counsel, by which it was intended to concede the former conviction and to remove the possibility of any contest on that point because it was inevitable that as to that issue he could not prevail; therefore, the least said the better. There can be no doubt that the statement was made in the course of the trial for the express purpose, and with the hope, of dispensing with proof on that subject. Having deliberately adopted and consistently pursued that course at the trial, the admission must be regarded as binding upon appellant, and as having dispensed with the necessity of additional evidence as to the exact nature of the first offense.

The court properly accepted the statement of counsel as eliminating the necessity of evidence on the point concerning which complaint is now made. In Oscanyan v. Winchester Repeating Arms Co., 103 U. S. 261, 263, 26 L. Ed. 539, it was said, "The power of the court to act in the disposition of a trial upon facts conceded by counsel, is as plain as its power to act upon the evidence produced." The following decisions are to the same effect: Pacific Railroad Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; Harniska v. Dolph (C. C. A.) 133 F. 158; People v. Garcia, 25 Cal. 531; Godwin v. State, 1 Boyce (Del.) 173, 74 A. 1101, Ann. Cas. 1913E, 940; Hestand v. Commonwealth (Ky.) 92 S. W. 12; Pratt v. Conway, 148 Mo. 291, 49 S. W. 1028, 71 Am. St. Rep. 602; 132 Am. St. Rep. 159.

That appellant could waive the necessity of proof that the offense of which he was convicted in May, 1925, was a sale of intoxicating liquor, is fully sustained in Diaz v. United States, 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138.

The other point made by appellant is that the evidence was wholly insufficient to sustain the charge that appellant made an unlawful sale of intoxicating liquor on the 16th day of December, 1928.

Appellant was a bartender in a drinking bar at 706 West Twelfth street, and McDonald was a waiter who stood in front of the bar to attend customers. The building in which the bar was located was a one-story building facing south on Twelfth street. A bar ran along the west side of the room, and on the east side were a number of booths equipped with tables. There was an open space for dancing in the northwest corner of the room. About 1 o'clock of the morning of December 16, 1928, a police officer, Harris, accompanied by a woman, entered the place. They seated themselves in one of the booths, and ordered two drinks of beer. This was served by McDonald. Harris then ordered another glass of beer and a whisky high-ball for his companion. Before filling the order, McDonald inquired of Harris if he had been there before, and upon being told that he had, McDonald said, "Well, I guess you are all right."

McDonald then went to the bar, where appellant filled a glass with ginger ale and McDonald took it with the beer to the booth. He told Harris that he would get the whisky in a minute. He turned to the bar, spoke to the appellant who procured a whisky glass, filled it two-thirds full of whisky, and McDonald returned to the booth with it and poured the whisky in the glass of ginger ale. Harris paid for the purchase with a $5 bill, the numbers of which had previously been taken. The money was handed by the waiter to appellant, who placed it in the cash register. A search was then made, a small quantity of whisky and gin was found on the premises, and the marked money was taken from the register. The liquor taken from the glass and that found on the premises had a prohibited alcoholic content.

The facts by no means show that the responsibility for making this sale rested entirely upon a coindictee. There was ample evidence that appellant, observing the regular course of the operation of the place where he was employed, co-operated with another in making the sale which is the basis of this suit. Nothing more is necessary to make the offense complete. The court pursued the only proper course open to it, under the facts, and that was to submit the case to the jury. The verdict was abundantly supported by the evidence.

The judgment should be, and is, affirmed.