## In re HARBOR STORES CORPORATION.

District Court, S. D. New York.
April 24, 1940.

Milbank, Tweed & Hope, of New York City (Carleton H. Endemann, of New York City, of counsel), for petitioner on review Curacao Trading Co., Inc.

April & Eisenrod, of New York City (Nathan April, of New York City, of counsel), for trustees.

Scribner & Miller, of New York City (Julius J. Rosenberg, of New York City, of counsel), for Clinton Trust Co.

GODDARD, District Judge.

This is a petition by Curacao Trading Company, Inc., to review an order of the Referee, dated April 2, 1940 denying petitioner's motion to resettle nunc pro tunc an order made in this proceeding under date of August 8, 1939.

The order of August 8, 1939 was a final order made in an omnibus reclamation proceeding and it dismissed the petitions for reclamation of six of the claimants in the proceeding. An appeal from the order was taken by one of the claimants, Clinton Trust Company, and the order was subsequently affirmed by this court. See Matter of Harbor Stores Corporation, D.C., 29 F. Supp. 749.

Assertedly the motion to resettle is brought under the authority of Rule 60(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, providing that clerical mistakes and errors arising from oversight or omission may be corrected by the court at any time, which rules have been made applicable to bankruptcy proceedings by General Order No. 37, 11 U.S.C.A. following section 53. The petitioner does not seek to change in any way that part of the order which dismisses its petition for reclamation, but rather to amend the recitals in the order which recite the Referee's determination that at the time of the adjudication in bankruptcy petitioner was not the owner nor entitled to the possession of the property forming the subject of the claim and that neither the receivers nor their successor trustees ever came into possession of any such property owned by the claimants in which the petitioner has any right, title or interest. The petitioner now seeks to have these determinations or recitals amended so as to provide in substance that it has been decided that Curacao Trading Company, Inc., has no right, title or interest in such property equal to or superior to that of the successful claimants, and that its petition for reclamation is dismissed.

On April 3, 1939 petitioner, Curacao Trading Company, Inc., advanced $90,500 to Garcia Sugars Corporation and as security received three warehouse receipts of the Harbor Stores Corporation, the bankrupt, which conducted a public warehouse. The receipts purported to cover bags of cocoa beans. Petitioner took out insurance on the cocoa beans. On May 29, 1939 Harbor Stores Corporation was adjudicated a bankrupt and it then appeared that these warehouse receipts had been fraudulently issued, although petitioner had accepted them in good faith; also that warehouse receipts had been issued for more cocoa than was in storage. This petitioner and other claimants filed petitions for reclamation. The Referee, after hearings, awarded the cocoa to other claimants—the ones who had actually deposited the cocoa in the warehouse.

Petitioner says that the only question before the Referee and the only question necessary for his decision and actually decided was that the rights of the true owners of the cocoa beans were superior to the rights of petitioner; that as the order now reads it may preclude petitioner from showing that it had any interest in the property. It desires to have the Referee's order amended so that it may not be prejudiced in the prosecution of a claim against its insurer who allegedly is asserting that petitioner had no insurable interest in the property by inferring from the Referee's order of August 8, 1939 that in the reclamation proceedings it was determined that petitioner had no interest in nor any rights to the property whatsoever.

The Referee denied petitioner's application to resettle the order on the ground that it was not to resettle but to amend; that the order had been reviewed and affirmed; that eight months had elapsed since the order was signed and that the matter sought to be corrected was not a "clerical error" nor an "error arising from oversight" within the meaning of Rule 60(a) of the Federal Rules of Civil Procedure.

If, in fact, the determination of the Referee was limited to a finding that the

petitioner has no rights in the property sought to be reclaimed equal to or superior to that of the successful claimants, then it was an error to state that the petitioner had no rights whatsoever. It may have some rights, although none as against the true owners and it ought not to be prejudiced by the recitals contained in the decree of August 8, 1939 in a determination of these rights in another proceeding. Bernard v. Abel, 9 Cir., 156 F. 649.

I think that this application should be granted in the interest of justice. No one is prejudiced by the delay in making the application and no one is going to be unfairly affected if this correction is allowed. Since the matter sought to be corrected goes only to the recitals in the decree and does not have any effect upon the direction of the court, the correction may be made after appeal. Hovey v. McDonald, 109 U.S. 150, 3 S.Ct. 136, 27 L.Ed. 888.

Motion granted.

Settle order on notice.