## EURY v. HUFF.

### No. 5226.

Circuit Court of Appeals, Fourth Circuit.

March 31, 1944.

George E. Haw, of Richmond, Va., for appellant.

George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va. (Sterling Hutcheson, U. S. Atty., of Richmond, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus and remanding petitioner to the custody of the Superintendent of the District of Columbia Penal Institutions, by whom he was held for the service of a sentence of imprisonment imposed by the United States District Court for the District of Columbia. Petitioner was convicted of the crime of housebreak-

---

ing and larceny and was sentenced to a term of from two to six years imprisonment. He was represented at the trial by an attorney of his own choosing, and there is nothing to show that he was not fairly tried and convicted. He asks release under the writ of habeas corpus on the ground that the jury that convicted him was composed of only ten men; but it appears that his attorney agreed to waive the constitutional requirement and proceed with a jury of ten and that petitioner himself agreed to this. He says now that when he gave his consent he did not know that he was entitled to a jury of twelve; but there is nothing to show that the attorney was lacking in this elementary knowledge or that any advantage was taken either of petitioner or the attorney.

 We agree with the court below that there was a valid waiver of the constitutional right to trial by a common law jury of twelve and that the sentence of the court based upon the verdict was not subject to attack. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435. The contention that the waiver made by petitioner's counsel is not binding because petitioner himself did not understand the nature of the right waived is manifestly unsound. As said by Judge Freeman in his note in 132 Am.St.Rep. 148, 152: "Not only has an attorney authority, by virtue of his retainer and general employment in a case, to control all matters of procedure in the action, but he has control of such matters to the exclusion of his client. It is necessary to the decorum of the court and the due and orderly conduct of the cause that the attorney should have the control and management of the action." See also 5 Am.Jur. 314; 7 C.J.S. Attorney and Client, § 81, pp. 902, 903; Dick v. United States, 8 Cir., 40 F.2d 609, 70 A.L.R. 90; Sayre v. Commonwealth, 194 Ky. 338, 238 S.W. 737, 24 A.L.R. 1017; Anglo California Trust Co. v. Kelly, 95 Cal.App. 390, 272 P. 1080; Bizzell v. Auto Tire & Equipment Co., 182 N.C. 98, 108 S.E. 439; Garrett v. Hanshue, 53 Ohio St. 482, 42 N.E. 256, 35 L.R.A. 321; Gorham v. Gale, 7 Cow.,N.Y., 739, 17 Am.Dec. 549.

In addition to this, the question was one that could have been raised only in the original cause and not collaterally by petition to be released on habeas corpus.

Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009. A prisoner does not show right to release on habeas corpus merely by showing error on his trial, even though this involve a violation of constitutional right. To entitle him to release on habeas corpus there must have been such "gross violation of constitutional right as to deny [to the prisoner] the substance of a fair trial and thus oust the court of jurisdiction to impose sentence." Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 731. In the case cited, we laid down with some care the rules applicable to the issuance of the writ of habeas corpus in the case of a prisoner held under the judgment of a state court. The same rules are applicable in the case of a prisoner held under the judgment of a federal court, except, of course, that the rules as to the exhaustion of state remedies do not apply.

The order appealed from will accordingly be affirmed.

Affirmed.