**ACME POULTRY CORPORATION v. UNITED STATES.**

No. 5283.

Circuit Court of Appeals, Fourth Circuit.

Argued Nov. 13, 1944.

Decided Dec. 21, 1944.

Writ of Certiorari Denied March 26, 1945.

See 65 S.Ct. 865.

Milton E. Sahn, of New York City (Alfred C. McKenzie, of Brooklyn, on the brief), for appellant.

Thomas J. Kenney, Asst. U. S. Atty., of Baltimore, Md. (Bernard J. Flynn, U. S. Atty., of Baltimore, Md., and Gordon L. Eakle, Sp. Asst. to Atty. Gen., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order denying a motion to reduce, to the amount originally imposed, a fine which had been increased during the term. The appellant, Acme Poultry Corporation, and its president, one Louis Spatz, were indicted in three cases in the United States District Court at Baltimore. A fourteen count indictment in one of the cases charged as many different violations of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. The indictments in the other two cases were single count indictments charging conspiracy to violate the act. On November 8, 1943, both defendants pleaded guilty to all the charges and each was fined $25,000 in the case involving substantive violations and $10,000 in each of the conspiracy cases, or a total of $45,000 for each defendant. Later in the same day, the attorney representing both defendants, after failing in his effort to have the fines reduced, requested the court to reduce the fine on the individual defendant by $30,000

and to increase it on the corporation by a corresponding amount, stating that this would be fairer to all parties concerned since other officers and stockholders of the corporation had profited from its operations. The court acceded to this request and directed that the fines be re-allocated accordingly. In making the re-allocation, a fine of $5,000 was entered against the individual defendant in each case, and the fine against the corporate defendant in the case charging substantive violations was increased to $50,000 and the fine in one of the conspiracy cases to $15,000.

The individual defendant promptly paid the $15,000 in fines imposed upon him pursuant to the agreement; but the corporate defendant has not yet paid the $75,000 imposed upon it, although its attorney, in order to obtain the re-allocation, promised that it would be paid promptly. On July 12, 1944, the corporate defendant, having paid nothing whatever on the fines imposed on it, moved that they be reduced to the amount originally imposed, on the ground that the court was without power to increase them, and on the further ground that the increased fines were imposed on the corporate defendant in the absence of its officers. An additional ground in the conspiracy case was that the fine of $15,000 exceeded the legal limit that might be imposed. The court reduced the increased fine in the conspiracy case to $10,000, as being the legal limit that might be imposed in that case, but denied any further relief and the corporate defendant has appealed.

■■■ We think that there is nothing whatever in appellant's contentions. The change in the fines was made not only at the same term but during the same day that they were first imposed; and it was made in the presence of counsel for the corporate defendant and at his request. No part of the fines originally assessed against the corporation had been paid at the time and there was no reason why the court should not make any change in them that seemed proper. The general rule, of course, is that the trial court has power to change a sentence at any time during the term at which it is imposed. The only limitation upon this power is that the sentence may not be increased if a fine has been paid or if the defendant has entered upon the service of a term of imprisonment; and the only reason for this limitation is that it is held double jeopardy, in violation of the 5th Amendment to the Constitution, to increase the penalty after it has been paid in part. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872; United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309; United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. Where, however, a defendant has not paid any part of a fine nor been subjected to any sort of punishment as the result of a sentence, there is no basis for saying that he is subjected to double punishment because the sentence is increased or otherwise changed during the term. Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499; DeMaggio v. Coxe, 2 Cir., 70 F.2d 840; Hatem v. United States, 4 Cir., 42 F.2d 40, certiorari denied 282 U.S. 887, 51 S.Ct. 103, 75 L.Ed. 782; Cisson v. United States, 4 Cir., 37 F.2d 330, 332. As said by this court in the case last cited, which dealt with a provision in a sentence that the defendant should enter immediately upon the service thereof: "The power of the judge to modify or set aside judgments during the term is an ancient one and founded upon the soundest reasons. Upon more mature consideration he may, and frequently does, decide that a sentence imposed during the term should be lightened or increased. He may learn additional facts about a case which show the original sentence to be entirely inadequate or unreasonably harsh; and, if the mere incorporation in the sentence of such a provision as we have here is to deprive him of further power over the case, the greatest embarrassments in the administration of justice and the greatest hardships may result, for the judge would be powerless to reduce a sentence which he thought excessive, or grant a new trial to a prisoner shown to be innocent, even though such prisoner were in the court-room and actually at the bar of the court. He would likewise be powerless to increase punishment, although it should develop that the sentence originally imposed was entirely inadequate. * * * Not until the service of the sentence has actually commenced, until the prisoner has actually passed from the control of the court into the control of the executive, does the judge lose during the term the power to enter the orders which he ordinarily has power to enter."

■■■ Equally groundless is the contention that the increased fine was void because not imposed in the presence of officers of the corporation. As a matter of fact, the president of the corporation was in the custody of the court at the time and

counsel for the corporation was in constant communication with him when asking that the fines imposed be re-allocated. Quite aside from this, however, counsel for the corporation was present and, as stated, it was at his request that the re-allocation of the fines was made. There is no suggestion that he was not fully authorized to represent the corporation and to consent to the change in the sentences in its behalf. There can be no question, we think, as to the rule that a corporation may appear in a criminal case by an attorney and that it is bound in such case as in other cases by an appearance of an attorney in its behalf. Southern Ry. Co. v. State, 125 Ga. 287, 54 S.E. 160, 114 Am.St.Rep. 203, 5 Ann.Cas. 411. As said in 19 C.J.S., Corporations, § 1368, p. 1082, "A corporation can appear only by attorney, and an appearance by a duly enrolled attorney is presumably lawful and authorized, the burden resting on the corporation to show that it was unauthorized." A criminal proceeding is conducted against a corporation, so far as notice, appearance, hearing and judgment are concerned, just as though it were a civil case. John Gund Brewing Co. v. United States, 8 Cir., 204 F. 17, 21; United States v. John Kelso Co., 9 Cir., 86 F. 304; United States v. Standard Oil Co., 6 Cir., 154 F. 728; 13 Am.Jur. p. 1060; 19 C.J.S., Corporations, § 1368, p. 1081; note 133 Am.St.Rep. 779 et seq.; note Ann.Cas. 1916E, 1289 et seq.

■ The handling of the case in court for the corporation was a matter for its counsel, not for its officers. As said by this court in Eury v. Huff, 4 Cir., 141 F.2d 554, 555, where the contention was made that an individual defendant did not understand the effect of a plea made by counsel representing him: "The contention that the waiver made by petitioner's counsel is not binding because petitioner himself did not understand the nature of the right waived is manifestly unsound. As said by Judge Freeman in his note in 132 Am.St. Rep. 148, 152: 'Not only has an attorney authority, by virtue of his retainer and general employment in a case, to control all matters of procedure in the action, but he has control of such matters to the exclusion of his client. It is necessary to the decorum of the court and the due and orderly conduct of the cause that the attorney should have the control and management of the action.'. See also 5 Am.Jur. 314; 7 C.J.S., Attorney and Client, § 81, pp. 902, 903; Dick v. United States, 8 Cir., 40 F.2d

609, 70 A.L.R. 90; Sayre v. Commonwealth, 194 Ky. 338, 238 S.W. 737, 24 A. L.R. 1017; Anglo California Trust Co. v. Kelly, 95 Cal.App. 390, 272 P. 1080; Bizzell v. Auto Tire & Equipment Co., 182 N. C. 98, 108 S.E. 439; Garrett v. Hanshue, 53 Ohio St. 482, 42 N.E. 256, 35 L.R.A. 321; Gorham v. Gale, 7 Cow., N.Y., 739, 17 Am.Dec. 549."

No point is made that the change in sentence was not made in open court while the judge was on the bench but was made by the judge in chambers; and we need not and do not consider such point. It may be that counsel have not raised it in the thought that the request by counsel for change of sentence, made to the judge in chambers, amounted to a waiver of the point or because the point, if sustained, would result in the reinstatement of the original sentences against Spatz and would subject him to imprisonment for their nonpayment.

■ In holding that the change in the sentence was validly made, we affirm the action of the lower court in denying the motion of the corporate defendant; but this will be without prejudice to the right of the United States to move for entry of sentence in accordance with the judgment agreed upon when the sentences were changed, viz., that the $30,000 taken from the fines originally imposed on the individual defendant be assessed against the corporate defendant. The only way that this can legally be done is to impose on the corporate defendant the total amount of this $30,000, in addition to the $25,000 already imposed, in the case charging substantive offenses. The fact that only $25,000 was added to the fine imposed in this case and that $5,000 was added to the fine in the conspiracy case, which could not lawfully be increased since the indictment contained only one count, was manifestly a mere matter of inadvertence or clerical error which can be corrected by a nunc pro tunc order, notwithstanding that the term has expired. In re Wight, Petitioner, 134 U.S. 136, 144, 10 S.Ct. 487, 33 L.Ed. 865; Fultz v. Laird, 6 Cir., 24 F.2d 172; Bernard v. Abel, 9 Cir., 156 F. 649; Illinois Printing Co. v. Electric Shovel Coal Corp., D.C., 20 F.Supp. 181, affirmed 97 F. 2d 754; In re Pottasch Bros. Co., D.C., 11 F.Supp. 275; note 10 A.L.R. p. 603 et seq.; note 67 A.L.R. 844 et seq.; note 126 A.L. R. 986 et seq.

Affirmed.