**GOVERNMENT OF AMERICAN SAMOA, Plaintiff**

**v.**

**TOBU BOEKI, K.K., a foreign corporation
and MAKOTO ASANO, local representative
of TOBU BOEKI, K.K., Defendants**

No. 204-1975

High Court of American Samoa

Criminal Jurisdiction, Trial Division

December 18, 1975

Co-defendant Tobu Boeki K.K., a corporation (hereinafter Corporation), and Makoto Asano, an individual, were each charged with criminal violations of 12 A.S.C. 1339 and 15 A.S.C. 609(b), both violations pertaining to the conducting of business in American Samoa without a business license and/or the Governor's permission. Both defendants have moved to dismiss on the basis that the summons served on each defendant was defective in form and that this Court has not acquired personal jurisdiction over defendants because they were not properly served with process. They maintain that defendant Corporation is not "doing business" in American Samoa sufficient to require it to appear and defend a suit in this jurisdiction, and that defendant Asano is not an agent appointed by defendant Corporation to receive service of process. Defendants have therefore moved to dismiss the action.

The first allegation of defendants' motion, that the initial summons was defective in form, has been rendered moot by the service of amended summons which corrects the complained-of defects.

The second assertion of defendants, that this Court has no personal jurisdiction over defendants, is in error. Defendant Asano is physically within the Territory of American Samoa and thus is subject to service which can give the High Court of American Samoa authority to render a judgment against him personally. Because defendant Asano *was* personally served with a summons, the Court properly has jurisdiction to hear his case.

Criminal proceedings against a corporation, so far as notice, appearance, hearing and judgment, are just like in a civil case. *Acme Poultry Corp. v. United States* (CA 4 Md., 1944), 146 F.2d 738, cert. den. 324 U.S. 860, 89 L.Ed. 1417. In order for the High Court to acquire jurisdiction over defendant Corporation, it must be shown that the Corporation has appointed an agent to receive process or

resides in the Territory or is "doing business" in the Territory. *International Shoe v. State of Washington* (1945), 326 U.S. 310, 90 L.Ed. 95. Defendants contend that Makoto Asano has not been appointed to receive process— the Court agrees with that contention. The Court also recognizes that defendant Corporation does not reside in American Samoa, in that it is incorporated under the laws of Japan, with its main office in that country. Therefore, it truly is a foreign corporation.

But the Court feels, contrary to defendants' assertion, that defendant Corporation is engaged in sufficient amounts of business in American Samoa to render it liable to suit in the High Court. The Court finds that defendant Asano is an agent of defendant Corporation, located in American Samoa and authorized to act for defendant Corporation in transactions with local businesses. Under the theory of "respondeat superior", the presence of defendant Corporation can be inferred from the presence of its agent in the Territory. As the United States Supreme Court stated in the *International Shoe* case, 326 U.S. at 319:

. . . [T]o the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

Therefore, the Court holds that it has acquired personal jurisdiction over both defendant Makoto Asano, an individual, and defendant Tobu Boeki K.K., a corporation, in order to properly require them to respond to suit in the High Court of American Samoa.

WHEREFORE, the Motion to Dismiss is denied.