## ILLINOIS PRINTING CO. et al. v. ELECTRIC SHOVEL COAL CORPORATION.

### No. 324–D.

District Court, E. D. Illinois.

Aug. 24, 1937.

184

Graham & Spivey, of Danville, Ill., for petitioner Goddard.

H. A. Swallow, of Danville, Ill., and Wm. P. McCool, of New York City, for Shovel Coal Co.

LINDLEY, District Judge (after stating the facts as above).

The Electric Shovel Coal Corporation contends that the order allowing the claim and all other orders with reference to the same should be vacated, for the reason that the same was the result of fraud and deception upon the court and of mutual mistake of the parties, resulting in a wrongful allowance. Goddard and the United States contend that the order was one finally adjudicating the rights of the parties, and that, the term at which it was entered having expired, the court is without power to vacate the same.

■ It is obvious that the order was final in one sense of that word, for the reason that it was a final adjudication of the court as to validity of the claim and an appeal would have lain. In another sense, however, the order was interlocutory, for the reason that it was one of many of similar character entered in the ,course of an extended voluminous administrative proceeding, which in itself was not finally terminated until the entry of the order discharging the receiver and returning the property to the Electric Shovel Coal Corporation. Even then the court reserved jurisdiction over the sum represented by the amount of this claim.

■■ I take it that Equity Rule 69 (28 U.S.C.A. following section 723) has to do with the allowance of rehearings of final decrees disposing finally of the subject matter after the term has expired and not to orders entered in the course of proceedings before termination thereof, all of which remain in the jurisdiction of the court, subject to modification or vacation until the court loses jurisdiction by final decree. As said by the Supreme Court in the case of Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L. Ed. ——, decided February 1, 1937, the court has the power for good reason to revise its orders upon seasonable application and before rights have vested upon the faith of its action, and it may vacate any order before the final termination of the cause upon application diligently made, and rehear the subject matter upon its merits, if no intervening rights will be prejudiced by its action. The doctrine has full applicability here. Indeed, it is most dubious, in the absence of any prejudice of either's rights, whether either Goddard or the United States is in position to protest against the vacation of an order, which the parties in interest have stipulated may be vacated and to which neither objector was party.

■ Every court has power to control, vacate, or correct its own decrees in the interests of justice. It may do so in the furtherance of justice and its power does not depend upon statute but is inherent. Freeman on Judgments, §§ 200 and 220. Such relief must be granted in the case of fraud, misrepresentation, and mistake. Any order due to inadvertence working an inequitable conclusion should be vacated. True it is that orders of court may not be attacked collaterally, but in the present instance the Electric Shovel Coal Corporation is the owner of the assets; it has succeeded to all of rights of the receivers and has all of the title which it originally had. It comes into court as the successor to the receiver in the proceedings in which an allowance order was entered and makes a direct attack upon such order, saying that the court was misled by inadvertence, fraud, and mutual mistake; that relief should not have been granted. Such is not a collateral but a direct attack. It is a direct application to the court which entered the order to correct its own decree. Freeman on Judgments, § 307.

■■ The jurisdiction of the court over the assets persists until final surrender or other disposition thereof. Such final disposition has not been had; hence the application does not come too late.

The respondents assert that to permit the relief prayed for would be to allow the Electric Shovel Coal Corporation to benefit by its own wrong; namely, that it has, by the action of the court in entering the order, received benefit therefrom in that it received credit for an offset. But this is fallacious reasoning. The Electric Shovel Coal Corporation was not helped but rather was injured by the result of applying the offset. It had a valid claim against the Mississippi Coal Corporation. It surrendered that claim for credit upon an invalid counterclaim. This did not help; it injured.

The respondents urge also that the Electric Shovel Coal Corporation is guilty of laches. I do not so construe the fact. No injury has accrued to the respondents. Rather the parties occupy the same position they held at the time the claim was allowed.

I conclude that equity demands that the order allowing the claim of the Mississippi Coal Corporation be vacated; that all orders of the court, to the extent that they supplement or provide for enforcement of said order, should be vacated; that the funds in question are the property of the Electric Shovel Coal Corporation and should be paid to that company. Such will be the order of the court.

The foregoing includes my findings of fact and conclusions of law.