## GODDARD v. ELECTRIC SHOVEL COAL CORPORATION.

### No. 6499.

Circuit Court of Appeals, Seventh Circuit.

May 24, 1938.

---

Thomas A. Graham and H. Ernest Hutton, both of Danville, Ill., for appellant.

Howard A. Swallow, of Danville, Ill., and William P. McCool, of New York City, for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from an order and judgment of the District Court vacating a previous order of the same court. The previous order allowed a claim of the Mississippi Coal Corporation which had been filed in a receivership cause entitled Illinois Printing Company et al. v. Electric Shovel Coal Corporation, D.C., 20 F. Supp. 181.

The claim in question had been filed in May, 1932, and was based upon a note for $56,217.50 and two open accounts of $10,000 and $18,000 respectively. The claim was in the usual form and verified by the treasurer, but the note was not attached. One of the sworn statements was that the claim "is now owing the claimant and there has been no assignment of it and no person other than claimant has any interest in it." Upon objection to the claim by the receiver it was referred to a Special Master in Chancery. The Master reported that no one appeared in behalf of the claimant and that the claim apparently had been abandoned. His recommendation was that the claim be not allowed. In his report, respecting this claim, the Master stated that the evidence submitted by counsel for the receiver in support of the objections to the claim disclosed that the Electric Shovel Coal Corporation had counterclaims against the Mississippi Coal Corporation that would cancel the entire indebtedness claimed by the Mississippi Coal Corporation in its proof of claim, except as to a balance of $8,755.50. The report of the Master concluded as follows:

"As the claim of Mississippi Coal Corporation was not proven and appears to be abandoned, and in view of the fact that the set-off on behalf of the Receivers does not exceed the amount of the claim and therefore no judgment is asked against Mississippi Coal Corporation, I am not making more specific findings."

Under date of April 24, 1933, the following entry appears in the record of the receivership proceedings:

"Now on this 24th day of April, A. D. 1933, It Is Ordered by the Court that the Report of William H. Haight, Special Master in Chancery, on the claim of the Mississippi Coal Corporation against Electric Shovel Coal Corporation, a corporation, is hereby confirmed.

"It is further Ordered that the Claim of the Mississippi Coal Corporation is allowed in the sum of $8,755.50 and disallowed as to all of the remainder."

In the meantime one Goddard, interpleader-appellant here, had commenced suit against the Mississippi Coal Corporation, and on May 3, 1934, supplemental to his suit, he obtained a writ of attachment, or garnishment, against the receiver of the Electric Shovel Coal Corporation; and in answer to interrogatories the receiver stated that he held in his hands money due the Mississippi Coal Corporation in the sum of $8,755.50. Goddard obtained a judgment against the Mississippi Coal Corporation in the sum of $8,880.85 on June 13, 1934, and the District Court later enjoined Goddard from proceeding further in his garnishment suit against the receiver of the Electric Shovel Coal Corporation. As a result of activities of other creditors of the Mississippi Coal Corporation, the receiver of the Electric Shovel Coal Corporation filed a petition in the receivership cause in which he recited the indebtedness of himself to the Missis-

sippi Coal Corporation in the sum of $8,-755.50 and prayed that the court order the several claimants to the fund to answer his petition and present their claims to the fund. On December 6, 1935, the District Court directed the receiver to pay the money owing to the Mississippi Coal Corporation to the clerk of the District Court, "subject to any order which may be made by the Court upon said claim or upon any other claim that may be filed in said interpleader suit * * *."

Subsequently, all claims against the Electric Shovel Coal Corporation having been paid, the receivership was terminated and the receiver was ordered and directed to deliver to the Electric Shovel Coal Corporation all property of any kind and character received by him from the corporation as receiver, or acquired by him as such receiver for and on behalf of the corporation.

An order terminating the receivership was entered on the 25th day of June, 1936, but the order left unchanged the status of the fund which, by the order of December 6, 1935, the receiver had been directed to pay to the Clerk of the District Court, "subject to any order which may be made by the court upon said claim * * *."

On the 23rd day of March, 1937, the Electric Shovel Coal Corporation, by leave of court, filed what it denominated "its intervening petition," in which the corporation set up a claim of ownership to the fund which the receiver had deposited with the Clerk of the Court under the order of December 6, 1935.

The motion of Goddard to dismiss the intervening petition was overruled, and the movant was ruled to plead to the petition. After a hearing upon the petition and answer thereto, the District Court found that the entry of April 24, 1933, which allowed the claim of the Mississippi Coal Corporation in the sum of $8,755.50 was the result of inadvertence and mistake; and the court stated as a conclusion of law that the order should be vacated and that all subsequent orders of the court which were based thereon should be vacated. From the order and judgment of the District Court giving effect to the foregoing finding and conclusion of law this appeal is prosecuted by Goddard.

The evidence discloses that after the discharge of the receiver the Electric Shovel Coal Corporation discovered that the claim of the Mississippi Coal Corpo-ration had been made fraudulently, or mistakenly, by the Mississippi Coal Corporation; that at the time the claim was filed, the note upon which the claim for $56,217.50 was based had been transferred and the Mississippi Coal Corporation did not then, nor at any time thereafter, own the note, although a sworn statement accompanied the claim to the effect that the Mississippi Coal Corporation was the owner of the note in question, that there had been no assignment of it and that no person, firm or corporation other than claimant had any interest in it. It also appears from the evidence that after the Electric Shovel Coal Corporation had been discharged from the receivership the then owner of the note in question took steps to collect the note from the discharged corporation and that the corporation had executed a new note in payment of the note in question, and that the new note had been accepted in full and final payment of the old note. There was also in evidence a stipulation between the Mississippi Coal Corporation and Electric Shovel Coal Corporation stating that the Mississippi Coal Corporation was not entitled to recover upon its claim, which had been filed in the receivership proceeding; and it was "stipulated and consented that an order be made and entered vacating the order of April 24, 1933, and directing that the sum of $8,755.50 be paid and returned forthwith together with any interest or accruals thereon to Electric Shovel Coal Corporation."

It is important first to consider the respective interests of Goddard and the Electric Shovel Coal Corporation in the fund which is the subject of the present controversy. Goddard claims the fund as a judgment creditor of the Mississippi Coal Corporation; but there has not been at any time any adjudication that Goddard has a legal interest in the fund. His interest depends upon the Mississippi Coal Corporation's title to the fund; and the Mississippi Coal Corporation's title rests entirely upon the order of the District Court which was made on April 24, 1933, and which purported to allow the sum of $8,755.50 as a balance due to the Mississippi Coal Corporation on its claim against the receiver of the Electric Shovel Coal Corporation.

As appears from the facts, which have already been set out, the receiver for the Electric Shovel Coal Corporation, after

the allowance of the foregoing claim and during the pendency of the receivership, filed a petition in the receivership cause entitled Illinois Printing Company, Inc., et al. v. Electric Shovel Coal Corporation, D.C., 20 F.Supp. 181, in which petition the receiver alleged that both Goddard and one Cook were seeking to reach the funds in his hands which had been allowed on the claim of the Mississippi Coal Corporation; and the receiver asked that Cook and Goddard be required to appear before the District Court and interplead their respective rights, and to exhibit to the court "under what right, claim or title they allege * * * the said moneys due or to become due to the said Mississippi Coal Corporation, a corporation, should be paid to them, or either of them." There was a hearing and the District Court ordered the fund in question to be held by the Clerk of the District Court of the United States for the Eastern District of Illinois subject to any order which might be made by the court upon said claim or upon any other claim that might be filed in the interpleader suit. This order was entered in, and as a part of, the receivership cause; and, as stated above, no disposition was made of the fund, and no change was made in the foregoing order when the receivership was terminated and the property in the hands of the receiver returned to the Electric Shovel Coal Corporation. Under the foregoing order the District Court reserved jurisdiction to make further orders respecting the disposition of the fund, not only in respect to the claim of Goddard, but also "upon any other claim that may be filed in said interpleader suit."

If the receivership had not been terminated, it is clear that the District Court would have had jurisdiction to vacate and set aside the order of allowance of the claim to the Mississippi Coal Corporation upon the discovery that such claim had been made erroneously; and obviously the interest of a judgment creditor of the Mississippi Coal Corporation, merely as garnisher of the fund, could not have been a legal bar to the setting aside of the original order.

■ It is clear that the effect of the order of December 6, 1935, was to continue jurisdiction of the District Court over the fund for purposes of considering and disposing of any claims which might be made against the fund. If the Electric Shovel Coal Corporation were making a claim to the fund under the title of the Mississippi Coal Corporation, the District Court would have jurisdiction to entertain the claim and dispose of it on its merits as against the claim of Goddard. Under the facts of the instant proceeding it conclusively appears that as between the Mississippi Coal Corporation and the Electric Shovel Coal Corporation, the latter corporation is entitled to the fund. We know of no rule of law or equity which can prevent a court of equity from setting aside a previous decree of that court when the party in whose favor the decree was made comes into court and stipulates that the decree may be set aside for the reason that there was no basis in fact for the decree, and when the unquestioned facts show that there was no basis for the entry of the decree and that no rights of third parties have intervened. Certainly if such a decree should be set aside at a time when the fruits of the decree are still in the custody of the court, and if the fruits should be returned to the losing party, neither party, thereafter, could raise any question as to the court's power to set aside the decree. That would be true even if nothing appeared of record to show that the original decree was made erroneously. And in the instant case it is obvious that neither the Mississippi Coal Corporation nor the Electric Shovel Coal Corporation can raise any question as to the validity of the District Court's action in vacating and setting aside the decree of April 24, 1933. And we are of the opinion that Goddard, the interpleader-appellant, as was suggested in the memorandum opinion of the District Court, has no legally recognized interest in the original decree which gives him a right to insist that the Mississippi Coal Corporation be compelled to hold on to the fruits of a decree which has no basis in justice or in fact.

■■ But apart from the question of the power of the District Court, under the reservation of jurisdiction by the order of December 6, 1935, we are of the opinion that the District Court properly vacated and set aside the entry of the allowance decree under its power to change entries to correspond to the judicial action which the record shows was taken. An examination of the order entry of April 24, 1933, in the light of the Special Master's report on the claim of the Mississippi·

Coal Corporation, discloses that the part of the entry which purports to allow the claim of the Mississippi Coal Corporation in the sum of $8,755.50 is in conflict with the recommendation of the Special Master, and of no possible legal effect in view of the order which immediately precedes it. The order which precedes it confirms the Master's report and the report specifically recommends that the claim be not allowed. It is clear that the purported order of allowance could not have been the expression of judicial discretion but must have been entered inadvertently. The Master's report contains the unqualified recommendation that the claim of the Mississippi Coal Corporation "be not allowed." The report further states that evidence, which was submitted by counsel for the receiver, indicated that the Electric Shovel Coal Corporation had counterclaims against the Mississippi Coal Corporation that would cancel the entire indebtedness claimed by the Mississippi Coal Corporation except a balance of $8,755.50. The Master further stated that he was not "making more specific findings."

The recitals in the Master's report constitute a finding that there was no evidence to support the claim. But as respects the counterclaim, or setoff, of the receiver, the Master made no finding. The first paragraph of the order entry of April 24, 1933, since it confirms the Master's report, necessarily adopts the Master's finding that no evidence had been presented to support the claim. Consequently, the record shows a complete absence of any legal basis for an order of the court allowing the Mississippi Coal Corporation's claim. Yet, if legal effect be given to the second paragraph of the entry, which purports to allow the sum of $8,755.50, as a balance of the Mississippi Coal Corporation's claim, the result is to hold that the entire claim of the Mississippi Coal Corporation was recognized by the District Court as a valid claim and was reduced by allowing the counterclaim or setoff of the receiver. The only method of reaching such a result would have been to recognize as valid, and allow, the full claim of the Mississippi Coal Corporation and to reduce the amount of payment to the sum of $8,755.50 by assuming the existence of a valid counterclaim, or setoff, amounting to a sum less by $8,755.50 than the amount of the total claim of the Mississippi Coal Corporation. Clearly, there were no facts stated in the Master's report which could be the basis of a judicial determination either of the existence of a definite and valid claim in favor of the Mississippi Coal Corporation or of a definite and valid counterclaim or setoff in favor of the receivership.

The record discloses beyond question that the order entry of April 24, 1933, rested entirely upon the Master's report and was entered for the purpose of giving effect to that report. But the second paragraph of the entry is completely meaningless as a judicial determination based upon the report. It is as completely meaningless and incapable of rational application as would be a purported judgment of a court in favor of a plaintiff when the record shows that such purported judgment is based upon a verdict of a jury in favor of the defendant.

In the instant proceeding the District Court had before it the Master's report which was the sole legal basis for any judicial action embodied in the record entry of April 24, 1933. An examination of the record by the District Court necessarily forced the conclusion that the second paragraph, which purported to order the allowance of $8,755.50 as a balance of the Mississippi Coal Corporation's claim, was included in the entry inadvertently and by mistake; and that it could not represent a judicial determination. The District Court could not have construed the second paragraph as an entry of an erroneous judgment, but was compelled to treat it as mere surplusage, and without any legal meaning or significance. And when the petitioner in the instant proceeding disclosed to the court facts which established the petitioner's actual ownership of the fund in question, it was the duty of the court to vacate, or strike out, the purported order for the purpose of removing any record obstacle to the establishing of the petitioner's right to the receipt of the funds in question.

The District Court did not err in vacating and setting aside that part of the entry of April 24, 1933, which purported to order that the claim of the Mississippi Coal Corporation be allowed in the sum of $8,755.50. The judgment of the District Court is affirmed.