**VERMONT STRUCTURAL SLATE CO.,**
Inc., Plaintiff-Appellee,

v.

**TATKO BROTHERS SLATE CO., Inc.,**
Defendant-Appellant.

No. 63, Docket 24580.

United States Court of Appeals
Second Circuit.

Argued Feb. 4, 1958.

Decided March 6, 1958.

John C. Blair, Stamford, Conn. (Blair & Spencer, Stamford, Conn., Robert H. Ware, New York City, Robert A. Cesari and Clarence S. Lyon, Stamford, Conn., of counsel), for plaintiff-appellee.

Maxwell E. Sparrow, New York City (James F. Sennett, Granville, N. Y., of counsel), for defendant-appellant.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

The Tatko U. S. Patent No. 2,693,926, pertaining to pallets for use in storing and transporting slate, has been in this action finally held to be invalid. Vermont Structural Slate Co., Inc., v. Tatko Brothers Slate Co., Inc., D.C., 134 F.Supp. 4, affirmed 2 Cir., 233 F.2d 9, certiorari denied 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123. Thus, at least as between the parties to this action and their privies, the issues are at rest. Despite this, defendant has continued to threaten plaintiff and its customers and those dealing with plaintiff, and continues to insist upon the validity of the Tatko patent, which we have already held to be invalid. Under these circumstances, it is of little significance that defendant keeps insisting that it has no intention to harass plaintiff and its customers. Under the doctrine of Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065, plaintiff was entitled as of course to an injunction restraining Tatko, the unsuccessful patentee, and all persons claiming under the patent, from bringing any action or otherwise threatening plaintiff on the basis of claims that there is interference with said patent by the use of pallets for the sale of slate to plaintiff's customers or purchasers, or by the use of said pallets in conjunction with plaintiff's business by any customer, user, pur-

chaser or supplier of plaintiff, or in any way directly or indirectly using said patent to interfere with the business of plaintiff. If anything, the injunction as issued was too narrow in its scope, as it was not made applicable to the continued prosecution by defendant of an action already pending against one of plaintiff's customers in the United States District Court for Maine. There was ample residual power in the court to issue this permanent injunction, even though the original decree contained no such provision. 28 U.S.C. § 2202; 6 Moore, Federal Practice (1953 ed., 1956 Supp.) § 57.10.

Affirmed.