**Sidney G. BABBITZ, M.D., Plaintiff,**

v.

**E. Michael McCANN, District Attorney of Milwaukee County, Herbert J. Steffes, Judge of the Circuit Court, Criminal Division, Milwaukee County, Defendants.**

**No. 70-C-221.**

United States District Court,
E. D. Wisconsin.
May 11, 1970.

Nathaniel Rothstein, Milwaukee, Wis., for plaintiff.

E. Michael McCann, Dist. Atty., Milwaukee County, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff seeks the convening of a three-judge district court and an order enjoining a state criminal prosecution which is currently pending against him in the circuit court of Milwaukee county.

The plaintiff brought an earlier action, No. 69–C–548, in which he sought declaratory and injunctive relief against the same state prosecution of which he now complains. In that case, a three-judge district court was convened, 306 F.Supp. 400, and it declared unconstitutional those sections of the Wisconsin statutes under which the plaintiff is being prosecuted. 310 F.Supp. 293. The three-judge court also concluded that injunctive relief against the pending state prosecution would be inappropriate.

Subsequently, the state circuit court denied a request that it dismiss the pending charges. The plaintiff urges that the state circuit court's action now justifies the issuance of an injunction by a three-judge federal district court.

The first question which the present application raises is whether a three-judge district court should be convened. In my opinion it should not.

■ The three-judge district court in No. 69–C–548 has already held that the statute in question is unconstitutional. Accordingly, there is no outstanding substantial federal question present which could require the convening of a three-judge district court. Turner v. City of Memphis, Tennessee, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

■ The second question which the plaintiff's present suit presents is whether injunctive relief is currently appropriate. The decision of the three-judge district court in case No. 69–C–548 is also dispositive of this issue. The latter court's ruling was made only after a full opportunity for the submission of briefs and for oral argument. In my opinion, further argument on the question of injunctive relief would not be beneficial.

In case No. 69–C–548, the court held that although the plaintiff was entitled to a declaratory judgment in the federal court while his state prosecution was pending, the strong policy of abstention asserted in 28 U.S.C. § 2283 and in various decisions of the United States Supreme Court required federal court forebearance from enjoining the pending state prosecution. The possibility that a state prosecution might entail embarrassment and expense to the plaintiff was not found to justify an exception to the vigorous rule of abstention. The plaintiff cannot now complain that he is forced to proceed in two courts since it was his decision initially to enter the second forum.

I conclude that the decision in case No. 69–C–548 fully disposed of both of the issues in the present case.

I deem it necessary to deny the plaintiff's requests for the convening of a three-judge district court and for a temporary restraining order.

Now, therefore, it is ordered that the plaintiff's motions for the convening of a three-judge district court and for a temporary restraining order be and they hereby are denied.

It is further ordered that the action be and hereby is dismissed.