**Sidney G. BABBITZ, M.D., Plaintiff,**

v.

**E. Michael McCANN, District Attorney of Milwaukee County, F. Ryan Duffy, Jr., Judge of the County Court, Milwaukee County, Defendants.**

**No. 69–C–548.**

United States District Court,
E. D. Wisconsin.

Nov. 18, 1970.

**220**

Nathaniel D. Rothstein, Milton R. Bordow and Roy O. Conen, Milwaukee, Wis., Joseph L. Nellis, Washington, D.C., for plaintiff.

Michael Ash, Asst. Dist. Atty., Milwaukee, Wis., for defendants.

Before KERNER, Circuit Judge, and REYNOLDS and GORDON, District Judges.

PER CURIAM.

On October 28, 1970, a hearing was held pursuant to an order to show cause issued by this court on its own motion. At such hearing, arguments were heard on the question of our enjoining the defendants from prosecuting under §§ 940.04(1) and (5), Wis.Stats. Previously, this court had adjudged those portions of the Wisconsin statute unconstitutional. Our decision was filed on March 5, 1970 and is reported in 310 F. Supp. 293 (E.D.Wis.1970). An amended judgment, filed a few days later, on March 11, 1970, provided that the "injunctive relief sought by the plaintiff be and hereby is denied".

Subsequently, the plaintiff commenced another action in this federal district seeking an order restraining the prosecution. On May 11, 1970, as reported in 312 F.Supp. 725 (E.D.Wis.1970), a single-judge district court denied such relief, relying upon the prior analysis of the recent opinion and judgment of this three-judge court.

A direct appeal was taken from the judgment of the three-judge court to the United States Supreme Court, under 28 U.S.C. § 1253, which provides, in part, that *"any party* may appeal to the Supreme Court from an order granting *or denying"* (emphasis added) an injunction by a three-judge district court. That appeal was dismissed by the United States Supreme Court on October 12, 1970, and a few days thereafter this court issued the instant order to show cause.

■ At the time of the hearing on this order to show cause, an appeal which had been taken from this court's judgment to the court of appeals for the seventh circuit had not as yet been docketed by the latter court; motions regarding the propriety of such docketing were then pending before the court of appeals. The defendants urge that this court does not have jurisdiction to amend its judgment of March 11, 1970, but they concede that we can temporarily restrain the prosecution of Dr. Babbitz under Rule 62(c), Federal Rules of Civil Procedure.

In our opinion, this court not only has jurisdiction to grant an interlocutory judgment pending such appeal, but also has jurisdiction to issue a permanent injunction in order to protect and effectuate the court's judgment under 28 U.S.C. § 2283, which provides:

*"§ 2283. Stay of State court proceedings*

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its juris-

diction, or *to protect or effectuate its judgments.*" (emphasis added)

In American Insurance Company v. Lucas, 38 F.Supp. 926, 932 (W.D.Mo. 1941), it was held that a three-judge court has the power to protect its judgments from imposition. Indeed, we believe that the competence of the court to reconsider its previous order, in the absence of a stay or supersedeas, is one that is inherent in a court. In Illinois Printing Co. v. Electric Shovel Coal Corp., 20 F.Supp. 181, 184 (E.D.Ill. 1937), the court said:

"Every court has power to control, vacate, or correct its own decrees in the interests of justice. It may do so in the furtherance of justice and its power does not depend upon statute but is inherent. Freeman on Judgments, §§ 200 and 220."

We also find authority to re-examine the question of an injunction under 28 U.S.C. § 2202, which provides:

"§ *2202. Further relief*

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

In Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 253 F.2d 29, 30 (2d Cir. 1958), the court ruled that although the original declaratory decree did not contain a permanent injunction, such provision could be added later under the court's "residual power".

In our decision of March 5, 1970, we discussed the "impressive authority" which favored forebearance from enjoining pending state prosecutions; with reference to Dr. Babbitz, we indicated our expectation that the state courts would "fully vindicate his federal constitutional rights".

At the hearing in this case held prior to the time that the court filed its decision of March 5, 1970, one of the defendants, Mr. McCann, the district attorney of Milwaukee county, urged us not to issue an injunction. Thereupon,

a member of this three-judge court asked him, from the bench, what difference it would make "whether we enjoin you from proceeding or enter a declaratory judgment that the law is unconstitutional? Does it have any practical difference?" The district attorney then responded, in part:

"*Probably not a great deal,* except I would urge upon the Court in a declaratory judgment action, even more than otherwise, the principles of comity and abstention should be considered. \* \* \*" (emphasis added)

The record now before this court demonstrates that our previous forecast regarding the state's response to our judgment has not been met; we find that our declaration and judgment have been completely disregarded by the state authorities. For example, shortly after our decision, the state attorney general issued a statement in a publication entitled "The Prosecutors' Bulletin" in which he asserted that our declaratory judgment "legally affected only the rights of Dr. Babbitz". In effect, this is a public announcement that the judgment of this court will not deter the state from prosecuting others under the statute.

The record before this court also discloses that in a press release dated April 7, 1970, the attorney general stated that the case had been appealed to the United States Supreme Court and that "doctors performing abortions in reliance on *Babbitz* run the risk of prosecution in the event the decision is reversed." The chilling impact of this statement is patently clear.

At the hearing on the present order to show cause, defendants' counsel candidly acknowledged that the district attorney of Milwaukee county and the attorney general of the state of Wisconsin, not only believe that the statute in question is fully constitutional but that they intend to take no other stance until there is a contrary decision by the United States Supreme Court. It thus is unmistakably clear, both from the defend-

ants' conduct and from their counsels' statements, that the Wisconsin prosecutors will steadfastly ignore a declaration of unconstitutionality emanating from either this three-judge district court or from the federal court of appeals.

Because of the state's tacit threats of prosecution, it follows that the general citizenry of Wisconsin will be obliged to disregard our judgment of unconstitutionality. In this sense, we regretfully observe that our hope that the state would "vindicate" the constitutional rights of Dr. Babbitz and others in his position has not been realized. Indeed, the state even declined to postpone the trial of Dr. Babbitz until a possible appeal to the court of appeals was determined. Unless we enjoin this prosecution, the trial of Dr. Babbitz in the state court will commence on November 30, 1970 under a statute which we have declared unconstitutional.

The state's insistence on going forward with the trial of Dr. Babbitz and the prosecutors' tacit threats to the medical profession completely change the context of this case with reference to injunctive relief. We are now in precisely the converse situation to that described in Dombrowski v. Pfister, 380 U.S. 479, 485, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965), where the court discussed Murdock v. Pennsylvania, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943):

"Since injunctive relief looks to the future, and it was not alleged that Pennsylvania courts and prosecutors would fail to respect the *Murdock* ruling, the Court found nothing to justify an injunction."

We now find that there are "special circumstances" as discussed in Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968), and Dombrowski v. Pfister, 380 U.S. 479, 485, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), requiring the issuance of an injunction. Upon the present posture of this case, the state authorities have no reasonable expectation of securing a *valid* conviction of Dr. Babbitz.

■ We are fully aware that our judgment could be reversed upon appeal. We are also mindful that it is arguable that our judgment may not be literally "binding" on the state. See United State ex rel. Lawrence v. Woods, 432 F.2d 1072 (7th Cir. 1970). Nevertheless, we believe that a fair application of the doctrine of comity required the state authorities to desist from prosecuting Dr. Babbitz pending the appeals which were taken in this case and also to desist from threatening prosecutions of others until such appeals could be resolved. In the case at bar, comity has proved to be a one-way street. The continued prosecution of Dr. Babbitz and the admonishments by the state officers meet the language of Cameron v. Johnson, 390 U.S. 611, 621, 88 S.Ct. 1335, 1341, 20 L.Ed2d 182 (1968), where the court said:

"* * * the statute was enforced against them with no expectation of convictions but only to discourage exercise of protected rights."

■ It is clear from *Dombrowski* that if the protected interests involve freedom of speech or assembly, this court is empowered to enjoin any chilling impact upon such first amendment rights. We believe that the ninth amendment rights of those involved are equally deserving of federal protection. See Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). Indeed, it is arguable that the right to privacy of one's person is of even greater stature and magnitude than the meritorious rights included within the first amendment. As noted in *Griswold* (381 U.S. p. 491, 85 S.Ct. 1678), ninth amendment rights are fundamental ones, "deep-rooted in our society".

■ In enforcing the statute in question, the state authorities are impinging not only on Dr. Babbitz' ninth amendment rights but upon those of the general public.

Unfortunately, it is apparent that the state judiciary has failed to discourage the prosecutors from trespassing on the federal rights in question. The reaction of the state authorities to our judgment relegates our ruling to nothing more than a gratuitous, advisory opinion. Zwickler v. Koota, 389 U.S. 241, 254, 88 S.Ct. 391, 399, 19 L.Ed.2d 444 (1967), places an affirmative duty on this court to weigh a request for a declaratory judgment that a state statute is unconstitutional:

> "We hold that a federal district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction."

In Romero v. Weakley, 226 F.2d 399, 401 (9th Cir. 1955), the court quoted from Willcox v. Consolidated Gas Co., 212 U.S. 19, 40, 29 S.Ct. 192, 53 L.Ed. 382 (1909), as follows:

> " 'When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction * * *. The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied.' "

The United States Supreme Court does not automatically review the judgments of lower tribunals as a matter of course; the case at bar appears to be a good example of that situation. Nevertheless, the state authorities have taken the position that they will refuse to respect our judgment of unconstitutionality or even that of the court of appeals and will be bound only by a ruling of the United States Supreme Court. Did the United States Supreme Court contemplate on the one hand that a federal three-judge district court *must* declare the constitutionality or unconstitutionality of a state statute and, on the other hand, that the state authorities may wholly dishonor such judgment?

Under all the circumstances of the instant case, we conclude that the only effective way to protect or effectuate our judgment is forthwith to issue an injunction permanently enjoining the pending prosecution of Dr. Babbitz and also permanently enjoining the defendants from henceforth prosecuting others under §§ 940.04(1) and (5), Wis.Stats.

It is ordered that the clerk enter an appropriate judgment.