SEARS, ROEBUCK and COMPANY and The Plymouth Rubber Company, Inc., Appellants,

v.

MINNESOTA MINING and MANUFACTURING COMPANY, Appellee.

No. 7298.

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1957.

Decided Oct. 18, 1957.

Hector M. Holmes, Boston, Mass. (Thornton H. Brooks, Greensboro, N. C., H. L. Kirkpatrick and E. T. LeGates, Boston, Mass., on brief), for appellants.

Harold J. Kinney, St. Paul, Minn. (Lawrence C. Kingsland, St. Louis, Mo., Welch Jordan, Greensboro, N. C., Estill E. Ezell, St. Louis, Mo., and M. K. Hobbs, Platteville, Wis., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

After our decision in this case, Sears, Roebuck & Co. v. Minnesota Mining & Manufacturing Co., 243 F.2d 136, in which United States Reissue Patent No. 23,843 was held not to be infringed by the defendant, a petition for rehearing and a motion to reopen the case on the ground of newly discovered evidence were filed. The decision of the Court was based in large part upon the teaching of the patent that, in order to manufacture the patented adhesive insulating tape, it was necessary to use both a resinous or high molecular weight modifier, such as Paraplex G–25, but also a low molecular weight liquid plasticizer such as dioctyl phthalate. The evidence showed that in the manufacture of the infringing article the liquid plasticizer was omitted and only G–40, a resinous plasticizer substantially similar to G–25, was employed; and it was further shown at the trial that there had been no significant change in either G–25 or G–40 since these materials were first offered for sale.

It is now asserted that the newly discovered evidence will show that in fact G–25 has been substantially changed and is now different from that which was in use at the time of the invention, in that the present day article contains a larger proportion of small molecular weights. Hence it is contended that the infringing article is equivalent to the patented article, which contains both resinous and liquid plasticizers.

There is conflict in the evidence as to whether the plaintiff used due diligence at the time of the trial in procuring samples of G–25 which were then obtainable and showing the composition of the present day article at that time. Assuming, however, that there was no lack of due diligence, the motion to reopen the case for the taking of additional evidence must be overruled, because even if the new evidence should demonstrate the alleged change in the composition of G–25, the decision of the Court would necessarily be retained. This is so because G–25, although changed to contain a larger quantity of low molecular weights, would nevertheless be a resinous plasticizer and would not be composed partly of a resinous and partly of a liquid plasticizer in accordance with the teaching of the patent. It is obvious from the record in this case that the de-

fendant's successful operation was due to further research and not the teachings of the patent. As was said in the opinion of this Court: "It is not sufficient for a patent to suggest a field of further experimentation; to be valid it must itself disclose the essential elements of the discovery so that persons skilled in the art may practice it." [243 F.2d 141.]

The futility of granting the motion for the taking of newly discovered evidence is also apparent from the fact that the Court in its opinion has already considered the possibility which the motion now presents. It was disposed of in the following words: "Even if it be supposed that the composition of G–25 has been so changed as to contain a larger number of molecules of relatively low weight than the G–25 produced during the experimental period, and that by reason of this change it is now possible to use resinous material as a sole plasticizer, its use in making an insulating tape would not constitute infringement, because the plasticizer would still be completely resinous whereas the patent teaches that a liquid as well as a resinous plasticizer must be used."

■■ It is argued that there is infringement of Claims 6, 7, 8 and 9, which are new in the reissue patent, on the ground that they do not call for a liquid plasticizer. But, as pointed out in our original opinion, these claims are vague with respect to the plasticizers to be used, for they merely provide for the use of a plasticizer "comprising at least a major proportion of non-migrating viscous plasticizer resin." If these claims are taken to mean that a liquid plasticizer is not used, they are void because not supported by the teachings of the original patent. Not only did the claims of that patent call for a liquid as well as a resinous plasticizer, but the teaching of the specification was that the use of the liquid plasticizer was essential and that the use

of a resinous plasticizer alone would not produce satisfactory results. All of the claims of the reissued patent, whether old or new, must be construed in the light of this teaching, and if the added claims are interpreted as excluding the use of a liquid plasticizer, the patent would be enlarged in scope and therefore void. See United States Industrial Chemicals, Inc., v. Carbide & Carbon Chemicals Corp., 315 U.S. 668, 678, 62 S.Ct. 839, 844, 86 L.Ed. 1105, where it was said:

"It is inadmissible to enlarge the scope of the original patent by recourse to expert testimony to the effect that a process described and claimed in the reissue, different from that described and claimed in the original patent, is, because equally efficacious, in substance that claimed originally. If such testimony could tip the scales on the issue of the validity of a reissue, it would always be possible to substitute any new combination of steps or elements or devices for the one originally described and claimed by proving that the omission of any one or more steps would not alter the result.

"This court has uniformly held that the omission from a reissue patent of one of the steps or elements prescribed in the original, thus broadening the claims to cover a new and different combination, renders the reissue void, even though the result attained is the same as that brought about by following the process claimed in the original patent."

■ For like reason, it cannot be held that under the doctrine of equivalents, the original patent is infringed. Without going into the question as to whether in the case of a combination patent what is claimed to be an equivalent must have been recognized as such at the time of the granting of the patent,[1] the doctrine

1. See Graver Tank & Mfg. Co. v. Linde, Air Products Co., 339 U.S. 605, 609, 70 S.Ct. 854, 94 L.Ed. 1097; Halliburton Oil Well Cementing Co. v. Walker, 329 U.S. 1, 13, 67 S.Ct. 6, 91 L.Ed. 3; Fuller v. Yentzer, 94 U.S. 288, 291–297, 24 L. Ed. 103; Gill v. Wells, 22 Wall. 1, 29, 22 L.Ed. 699; Gould v. Rees, 15 Wall. 187, 21 L.Ed. 39; Seymour v. Osborne, 11 Wall. 516, 20 L.Ed. 33; 40 Am.Jur. p.

of equivalents has no application where one of the elements called for is entirely omitted.

The petition for rehearing presents no questions that were not fully considered in the prior opinion of the Court. Accordingly, the petition for rehearing and the motion to reopen the case will both be denied.

650; 69 C.J.S. Patents § 302, p. 876. Cf. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 247 F.2d 343;

Finkelstein v. S. H. Kress & Co., 2 Cir., 113 F.2d 431.