MINNESOTA MINING AND MANUFAC-
TURING COMPANY, a corporation
of Delaware, Plaintiff,

v.

UNITED STATES RUBBER COMPANY,
a corporation of New Jersey, Lowder
Hardware Company, Inc., a corporation
of North Carolina, and E. Walker Du-
vall, d/b/a Rockingham Hardware Com-
pany, Defendants.

MINNESOTA MINING AND MANUFAC-
TURING COMPANY, a corporation
of Delaware, Plaintiff,

v.

GOODYEAR TIRE & RUBBER COMPA-
NY, Inc., and Carolina Tire Company
of Thomasville, N. C., Inc., Defendants.

Civ. A. Nos. 336–R, 1026–G.

United States District Court
M. D. North Carolina,
Greensboro Division.

Nov. 19, 1959.

Welch Jordan and Luke Wright, Greensboro, N. C., Harold J. Kinney, St. Paul, Minn., Estill E. Ezell, St. Louis, Mo., and M. K. Hobbs, Winter Park, Fla., for plaintiff.

Thornton H. Brooks, Greensboro, N. C., J. A. Spruill, Jr., Cheraw, S. C., Hector M. Holmes, Boston, Mass., and Frank E. Barrows, New York City, for defendants.

HAYES, District Judge.

In August, 1954, plaintiff filed in this district a bill of complaint against Sears, Roebuck and Company, for infringing the Oace Patent No. 23,843. The defense was conducted by Plymouth Rubber Company, Inc., the manufacturer of the accused product, who came into the case as a party defendant. The case was tried during 1955. The taking of evidence was completed November 30. The dis-

trict court found the patent valid and infringed. Opinion filed June 4, 1956. Minnesota Mining & Mfg. Co. v. Sears, Roebuck & Co., D.C., 141 F.Supp. 686.

On appeal this court was reversed by the Court of Appeals. The case was argued January 15, 1957, and decided April 1, 1957. 4 Cir., 243 F.2d 136. The petition for rehearing was argued October 8, 1957, and decided October 18, 1957. 4 Cir., 249 F.2d 66, 67. The motion to reopen the case was based on the ground of newly discovered evidence. It is pertinent to note the tenor of the newly discovered evidence as summarized by the Court of Appeals: "It is now asserted that the newly discovered evidence will show that in fact G-25 has been substantially changed and is now different from that which was in use at the time of the invention, in that the present day article contains a larger proportion of small molecular weights. Hence it is contended that the infringing article is equivalent to the patented article, which contains both resinous and liquid plasticizers."

It was then held that if the changes had occurred, "the decision of the Court would necessarily be retained." The court held it would be futile to grant a rehearing because it had been held in the former case that if "the composition of G-25 has been so changed as to contain a larger number of molecules of relatively low weight than the G-25 * * * and that by reason of this change it is now possible to use resinous material as a sole plasticizer, its use in making an insulating tape would not constitute infringement, because the plasticizer would still be completely resinous, whereas the patent teaches that a liquid as well as a resinous plasticizer must be used." Certiorari denied 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415.

In No. 336-R, plaintiff's complaint against United States Rubber Company, et al., was filed June 15, 1956, and in No. 1026-G, the complaint against The Goodyear Tire and Rubber Company, et al., was filed July 5, 1956.

Motions by defendants for summary judgment were filed August 10, 1959, supported by affidavits, showing in substance that the accused product in each case was manufactured by Plymouth Rubber Company, and that the accused product in each of these cases is the identical product held not to infringe the patent in the Sears, Roebuck litigation above set out. The affidavits do show that the Circuit Court did consider all the newly discovered evidence up to October, 1957, and decided that the accused product still did not infringe the patent.

The plaintiff's affidavits do show some facts in 1958 not considered by the Circuit Court. In 1958, Plymouth adopted a trade name for its product, calling it Slipknot.

A partial hearing on the motion for summary judgment was held by Judge Stanley on September 1, 1959, but, on motion of plaintiff, the hearing was continued to October 28, 1959. On October 2, 1959, plaintiff moved for leave to file a supplemental bill which appears in the record. The motion for the filing of the supplemental bill states that the acts of defendants in 1958 in relation to Slipknot show that defendants began producing this product late in 1957 or early in 1958. The basis upon which the affidavit of Mr. Kinney is made is the advertisement and facts developed in respect to Slipknot during 1958.

The defendants object to the filing of the supplemental bill because it introduces a new cause of action not in existence when the original bill was filed, and contend that the court should deny the motion, in its discretion.

It appears from all the evidence that Plymouth Rubber Company is the real party conducting this defense, although not yet a formal party to the litigation, and that it manufactures and supplies the defendants with the accused product. It further appears beyond controversy that the Circuit Court held that Plymouth's product up to October 18, 1957, did not infringe plaintiff's patent. That determination was a final adjudica-

tion between plaintiff and Plymouth Rubber Company, as well as its retailers such as these defendants. Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; Fretwell v. Gillette Safety Razor Company, 4 Cir., 106 F.2d 728; Stoehrer, & Pratt, Dodgem Corp. v. Glen Echo Park Co., 4 Cir., 15 F.2d 558; United States Galvanizing & Plating Equipment Corp. v. Hanson. Van Winkle-Munning Co., 4 Cir., 104 F.2d 856.

It has been held that the intervention of the manufacturer is not necessary for the dismissal of suits against its customers. General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, 4 Cir., 101 F.2d 178; Bechik Products, Inc. v. Flexible Products, Inc., 2 Cir., 225 F.2d 603. See also Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 2 Cir., 253 F.2d 29.

It follows that the summary judgment of dismissal should be granted. Bros. Inc. v. W. E. Grace Mfg. Co., 5 Cir., 1958, 261 F.2d 428.

In view of what has been said, the court, in the exercise of its discretion, denies the motion to allow the filing of the supplemental bill. If the product of the defendants now differs from that proven or proposed by the newly discovered evidence in October, 1957, and if the plaintiff can show infringement since that date, a new cause of action arises and this dismissal here will not prejudice the plaintiff against prosecuting it. The denial of the motion and the dismissal by summary judgment are based on the proposition that the product of Plymouth up to October, 1957, did not infringe the Oace Patent. What has occurred since that date is not determined now; it is not an issue that existed when the complaint was filed. If the infringement alleged in the original bill had not been decided against the plaintiff and constituted a final determination between the parties, the conduct of defendants in 1958 would be pertinent and the supplemental bill to bring the litigation up to date, would have been granted, in the discretion of the court.