**MINNESOTA MINING AND MANU-FACTURING COMPANY, a Corporation, Appellant,**

v.

**SUPERIOR INSULATING TAPE COMPANY, a Corporation, Appellee.**

**No. 16471.**

United States Court of Appeals
Eighth Circuit.

Dec. 1, 1960.

Estill E. Ezell, Clayton, Mo., Harold J. Kinney, St. Paul, Minn., Merville K. Hobbs, Winter Park, Fla., and Kingsland, Rogers & Ezell, Clayton, Mo., on the brief, for appellant.

Hector M. Holmes, Boston, Mass., Forrest M. Hemker, St. Louis, Mo., and William W. Rymer, Jr., Boston, Mass., on the brief, for appellee.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by plaintiff Minnesota Mining and Manufacturing Company from final judgment sustaining defendant Superior Insulating Tape Company's motion for summary judgment and dismissing the complaint charging patent infringement. As part of such judgment the court denied plaintiff's motion for leave to file a supplemental complaint. Jurisdiction, based upon 28 U.S.C.A. § 1338, is established.

The complaint charges the defendant with infringement of Oace Reissue Patent No. 23,843, owned by plaintiff. The patent relates to ·a pressure sensitive, stretchable and retractable, vinyl plastic insulating tape. Superior Insulating Tape Company is the sole defendant in this case. It is engaged in the distribution and sale of the accused tape which is manufactured by Plymouth Rubber Company, Inc., hereinafter called Plymouth.

Plymouth is actively engaged in defending this suit.

Defendant by answer denied infringement of plaintiff's patent and also denied the validity of the patent for various reasons.[1]

The complaint was filed on August 4, 1954. Upon plaintiff's motion, filed in 1955, further proceedings in this case were stayed pending the termination of similar litigation pending in the United States District Court for the Middle District of North Carolina, which plaintiff asserted would be controlling. Such litigation consisted of separate suits commenced by the plaintiff against Pine State Electric Supply Company, Inc., (No. 879–G), and Sears Roebuck & Co., (No. 878–G). Said cases were consolidated for trial. The trial court found the patent valid and infringed in each case. See 141 F.Supp. 686. It is undisputed that Plymouth was not a party in case No. 879–G and that it did not participate in the defense of said case. Since no appeal was taken in No. 879–G, the judgment therein became final.

In the case against Sears Roebuck & Co., No. 878–G, hereinafter called the Sears case, Plymouth intervened and became a party defendant and actively controlled the defense. Upon appeal, the judgment in the Sears case was reversed. The tape manufactured by Plymouth and sold by Sears was found not to infringe upon plaintiff's patent. Sears Roebuck & Co. [and Plymouth Rubber Co.] v. Minnesota Mining & Mfg. Co., 4 Cir., 243 F.2d 136, rehearing denied—additional opinion filed 249 F.2d 66, certiorari denied 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415.

On June 9, 1959, defendant filed in the present case a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., showing by affidavits that the accused tape in this case was the same tape as that adjudged non-infringing by the Court of Appeals for the Fourth Circuit in the Sears case; such decision finally and everywhere determined that Plymouth's tape was non-infringing and under the doctrine of Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065, Plymouth has a right that its customers handling its non-infringing tape "be let alone" by plaintiff. Counter-affidavits were filed by plaintiff which will be considered hereinafter.

Thereafter, on August 10, 1959, plaintiff filed motion for leave to file a supplemental complaint, alleging that late in 1957 or early 1958 Plymouth commenced to manufacture a tape called "Slipknot" which was somewhat different in composition than that involved in the prior litigation, and that such tape was infringing.

The record discloses that Plymouth in 1958 filed a declaratory judgment suit in the United States District Court for Massachusetts against Minnesota Mining and Manufacturing Company asking the court to adjudge "Slipknot" tape to be non-infringing. Minnesota counter-claimed, alleging infringement. The Massachusetts case is at issue and has been set for trial on February 20, 1961. The court sustained the motion for summary judgment, denied plaintiff leave to file supplemental complaint, and entered final judgment dismissing the complaint. Plaintiff asserts that it is entitled to reversal for the following reasons:

"1. The District Court abused its discretion and was in error as to the law and procedure in overruling plaintiff's motion for leave to file a supplemental complaint.

"2. Defendant has not sustained its burden as required by the doctrine of Kessler v. Eldred.

"3. The doctrine of Kessler v. Eldred is not applicable under the circumstances here."

We shall first consider plaintiff's contention that the court abused its discre-

---

1. The judgment here is based on the non-infringement defense and the issue of the validity of the patent was not presented by the motion for summary judg-ment and was not reached by the trial court. We restrict our discussion to the infringement issue.

tion in denying it leave to file a supplemental complaint. Plaintiff sought such leave for the purpose of asserting a claim that "Slipknot" tape which Plymouth commenced to produce, advertise and sell not earlier than 1957, was a different tape from that adjudged non-infringing in the Sears case, and that "Slipknot" infringed plaintiff's tape.

The trial court, in denying plaintiff leave to file the supplemental complaint, states in part:

"This Court further concludes that the same issues proposed to be raised in the plaintiff's Supplemental Complaint were first presented by the commencement of the action by Plymouth Rubber Company, Inc., in the United States District Court of Massachusetts. The plaintiff here has joined issue in that case and thus the litigation will involve the patent in question here as between the patent-holder and the manufacturer of the product about which there is questionable infringement. The parties in Massachusetts are the real parties in interest and that suit was filed before this Supplemental Complaint was proposed.

"It is this Court's further conclusion that under these circumstances plaintiff should not be allowed to file its Supplemental Complaint, as it has a cause of action now pending, involving the same alleged matters of infringement, of the same patent, and it is between the principal parties in interest."

■ The filing of supplemental pleadings is governed by Rule 15(d) of the Federal Rules of Civil Procedure, which reads:

"Upon motion of a party the court *may*, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor." (Emphasis added.)

The parties are in agreement that this rule gives the trial court, in the exercise of its sound discretion, the right to determine whether or not leave should be granted to file a supplemental pleading. This court has so held. Missouri-Kansas-Texas R. Co. v. Randolph, 8 Cir., 182 F.2d 996, 999.

In Arp v. United States, 10 Cir., 244 F.2d 571, 574, the court says: "The granting of such leave is discretionary and will not be disturbed on appeal unless grossly abused."

In a case involving the same infringement and supplemental complaint issue here raised, the District Court for the Middle District of North Carolina, in the exercise of its discretion, denied the motion for leave to file supplemental complaint. Minnesota Mining & Mfg. Co. v. United States Rubber Co., M.D.N.C., 178 F.Supp. 385, 387, modified and affirmed 4 Cir., 279 F.2d 409.[2] See Minnesota Mining & Mfg. Co. v. Plymouth Rubber Co., N.D.Ill., 178 F.Supp. 591.

■ Plaintiff urges that the denial of its motion is in effect a stay of the present proceedings. We do not agree. The court exercised its discretion and refused to grant the requested leave. The supplemental complaint thus never became a part of the pleadings. After the dismissal, there was nothing to stay.

■ However, even in a stay situation the question of which of several actions dealing with the same subject matter and parties should have priority is to a large extent controlled by the exercise of the trial court's sound discretion. In speaking of such a situation, the Supreme Court in Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 and 184, 72 S.Ct. 219, 221, 96 L.Ed. 200, states:

"The Federal Declaratory Judgments Act, facilitating as it does the

---

2. The modification does not affect the issue here under consideration.

initiation of litigation by different parties to many-sided transactions, has created complicated problems for coordinate courts. Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts. The conclusion which we are asked to upset derives from an extended and careful study of the circumstances of this litigation. Such an estimate has led the Court of Appeals twice to conclude that all interests will be best served by prosecution of the single suit in Illinois. Even if we had more doubts than we do about the analysis made by the Court of Appeals, we would not feel justified in displacing its judgment with ours."

In footnote 3 at page 184 of 342 U.S., at page 221 of 72 S.Ct. the court collects a number of cases to illustrate that no rigid or inflexible rule prevails as to priority of trial of concurrent controversies.

Many factors enter into the consideration of what constitutes "wise judicial administration", "conservation of judicial resources", and "comprehensive disposition of litigation." The trial court must necessarily be allowed considerable latitude in the exercise of its judicial discretion. The trial court, in its unreported memorandum opinion, calls attention to the broad action pending between the parties in Massachusetts. Plymouth there, among other things, seeks an injunction to restrain Minnesota Mining and Manufacturing Co. from bringing additional patent infringement claims against it and its customers. The court in said case has

jurisdiction over the patent holder and the alleged infringing manufacturer and may well be in a better position to make a final decision on the patent infringement questions which have bothered a number of courts for some time. Even if non-infringement is established in the present action, it is doubtful whether the court could grant Plymouth as complete relief in this case in which it is not a party of record.

As will appear in the course of this opinion, plaintiff has brought many actions against Plymouth and its customers as to infringements of patents occurring before 1956, and in all of the actions in which Plymouth was a party or conducted the defense, the plaintiff was unsuccessful. There is reason to believe that there should be some limit to the number of times the courts should be required to consider claims involving identical issues.

The record here also shows that the trial of this case was stayed for some four years upon plaintiff's motion representing that the pending North Carolina cases would dispose of the controversy without the necessity of a trial.

No conclusive showing is made that the plaintiff, a Delaware corporation with its principal office in Minnesota, would be seriously prejudiced by having its rights adjudged in Massachusetts rather than in Missouri.

As the parties point out, there are some cases which hold that if the original complaint states no valid cause of action, no supplemental complaint should be permitted.[3] Other cases reach the contrary result.[4]

Like the plaintiff, we find nothing in the trial court's opinion to indicate that it based its denial of the motion for leave upon the ground that a supplemental complaint cannot be permitted in situations where the plaintiff had no claim when the complaint was filed. We do not base our affirmance upon such ground.

3. Berssenbrugge v. Luce Mfg. Co., W.D. Mo., 30 F.Supp. 101; Minnesota Mining & Mfg. Co. v. Plymouth Rubber Co., N.D. Ill., 178 F.Supp. 591, 596.

4. Porter v. Block, 4 Cir., 156 F.2d 264; United States v. Russell, 1 Cir., 241 F. 2d 879; see also 1A Barron and Holtzoff, Federal Practice and Procedure § 455, p. 820.

■ We believe, however, that the lack of a valid cause of action in the original complaint is a factor which can be considered along with others in the exercise of the court's discretion. See 3 Moore's Federal Practice § 15.16, pp. 858, 859.

If no issue remains in the original complaint for adjudication, doubt arises whether any judicial economy will be served by keeping a case alive by permitting the addition of a subsequent claim which is already being fully litigated elsewhere.

■■ The burden of showing abuse of discretion on the part of the trial court is a heavy one. We are convinced that the plaintiff has not met such burden here nor has it shown that the court has applied any improper standards in the exercise of its discretion. We are not prepared to say that the court committed error in refusing to grant plaintiff leave to file the amended complaint.

We now proceed to the consideration of the errors asserted by plaintiff as set out in points two and three hereinabove which attack the validity of the granting of summary judgment to the defendant. The court as a basis for sustaining defendant's motion for summary judgment states:

.''This Court concludes that the original action pending here was one and the same with the action pending in the United States District Court for the Middle District of North Carolina. This cause was stayed pending adjudication of the North Carolina case with the idea, view and representation to the Court that its disposition would dispose of the issues here joined.

"This Court further concludes that the final determination of the North Carolina case under the decision of the United States Fourth Circuit Court of Appeals (243 F.2d 136, rehearing denied 249 F.2d 66, and certiorari denied 355 U.S. 932) disposes of the issues joined in plaintiff's original Complaint; that same is now before this Court upon Motion for Summary Judgment; that the issues here presented are the same as those finally adjudicated in the United States District Court for the Middle District of North Carolina; that the Plymouth Rubber Company, Inc., was the manufacturer of the product alleged to infringe and the real party in interest in the cause pending here; that defendant here, Superior Insulating Tape Company, is one of Plymouth's customers and a distributor of that product; that the determination of issues as to the manufacturer alleged to have infringed determines the same issues as to its customer. Kessler v. Eldred, 206 U.S. 285.''

The plaintiff contends that a bona fide fact issue exists on the infringement issue. Summary judgments are authorized by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(c) provides in part:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■■ Rule 56(e) deals with the form and contents of affidavits. Courts should of course exercise great caution in granting summary judgments and should guard against depriving a party of a trial upon the merits when a bona fide dispute exists upon any material issue of fact. If the movant has made a convincing showing that no genuine controversy on decisive facts exists, "mere denials unaccompanied by facts which would be admissible in evidence at a hearing are not sufficient to raise a genuine issue of fact." Minnesota Mining & Mfg. Co. v. United States Rubber Co., 4 Cir., 279 F.2d 409, 415, and cases there cited.

We now approach the question of whether the trial court was justified in determining that no disputed fact issue is presented by the record as to whether the accused tape infringes plaintiff's patent.

As pointed out by the trial court, exactly the same question of infringement was presented to the North Carolina court in the Sears case. The petition in that case was filed against Sears on August 3, 1954, one day before the petition was filed in the present case and in the Chicago case hereinafter discussed. Plymouth became a party to the Sears case.

The district court in the Sears case found plaintiff's patent to be valid and infringed. The court of appeals reversed on the infringement issue. Its basis for holding non-infringement is fully explained in its opinion and its supplemental opinion denying rehearing. The same court, when it decided plaintiff's patent was not infringed by the tape manufactured by Plymouth and distributed by United States Rubber Company and Goodyear Tire & Rubber Company in actions commenced by plaintiff in 1956, further explains why Plymouth's tape was non-infringing. Minnesota Mining & Mfg. Co. v. United States Rubber Co., 4 Cir., 279 F.2d 409. The Court of Appeals for the Fourth Circuit has exhaustively and accurately demonstrated by sound reasoning in the cases heretofore cited why Plymouth's pre-1956 tape does not infringe upon plaintiff's patent. In substance, the court held that plaintiff's patent teaches that the plasticizer of the tape must consist of two elements, one liquid and one resinous, and that the Plymouth product did not infringe because its plasticizer contained only the resinous element and not the liquid element.

The United States District Court for the Northern District of Illinois, in considering a situation parallel to that which we are considering, followed the Fourth Circuit cases hereinabove discussed and granted summary judgment dismissing the plaintiff's complaint. Minnesota Mining & Mfg. Co. v. Plymouth Rubber Co., N.D.Ill., 178 F.Supp. 591. No appeal was taken in this case. Like the parties, we will refer to this case as the Chicago case. We are in accord with the reasoning underlying the decisions upon the summary judgment issue as set out in the Fourth Circuit cases and the Chicago case previously discussed.

Plaintiff urges that the tape involved in the various actions hereinabove discussed brought by the plaintiff bear various trade names. For example, the tape involved in the Sears case was called "Homart" the Sears trade name. In other cases, the tape is called "Plymouth" or "S. I." tape. Plaintiff argues from this that the tapes manufactured by Plymouth involved in the various cases are not the same. We attach no significance to such name variances. Defendant's affidavits show beyond dispute that the tape involved in all of the cases was manufactured by Plymouth and that it was all the same tape, regardless of any name given to it. Such affidavits clearly show that the plasticizers used by Plymouth in all its tape prior to the time it introduced "Slipknot" tape in late 1957 were available, commercial products known as "G–25" and "G–40", both of which were entirely resinous. There is nothing in plaintiff's affidavits to warrant a finding that Plymouth used any plasticizer in its tape other than the "G–25" and the "G–40" considered by the court in the Sears case, prior to the introduction of "Slipknot" tape. We are not confronted with a question of whether any change was made in the plasticizer when "Slipknot" was introduced, as we have before us only the question of whether the tape Plymouth produced prior to the commencement of this case on August 4, 1954, infringed.

The reported opinions in the Chicago case and the United States Rubber case show that the plaintiff filed affidavits in each of those cases, substantially the same as those filed here. Summaries, excerpts from and analysis of such affidavits appear in said reported opinions. The court in each of said cases held that the affidavits were insufficient to raise a bona fide fact issue that the accused tape differed from the tape found non-infringing in Sears. The court, in the Chicago case, states:

"It is clear, therefore, from these affidavits that Plymouth made no change whatsoever in the resinous plasticizers G–25 and G–40 it used in making the product which was held not to infringe in the Fourth Circuit suit, and the product charged by the *instant complaint* to infringe. It is self-evident, however, dehors affidavits that the product of Plymouth, passed upon in the Fourth Circuit suit, filed only a day before the instant suit, was the same product here charged to infringe. No one intimates there was a change in Plymouth's tape or resinous plasticizer, G–25 or G–40 in that single day. * * *

" * * * [T]here is no question but that as of the time of the filing of the instant complaint the product of Plymouth here charged to infringe was the same product passed upon by the Fourth Circuit and found noninfringing. The Court, therefore, concludes it has been judicially determined that as of the time of the filing of the instant complaint, Plymouth made no infringing product, and the complaint, therefore, states no cause of action as a matter of law." 178 F.Supp. at page 595.

Plaintiff itself at the time it filed its motion for a stay apparently considered the tape here involved to be the same as that in the Sears case, as it states in its motion:

"Trial of the North Carolina cases will obviate the necessity of trying the present case.

"From the outset, Plymouth Rubber Company admittedly has conducted and controlled the defense in the Sears case as the main party in interest, and Judge Hayes has so found at said pretrial conference, Plymouth Rubber Company agreed to intervene in the Sears suit, and did so in open court. Plymouth Rubber Company has also informed this Court that it is defending the present

suit and is the main party in interest."

Upon the record before us, the trial court was justified in determining as a matter of law that the accused tape here is the same tape as that involved in the Sears case. In our present case, the named defendant is a customer of Plymouth and the distributor of its tape. Kessler v. Eldred, supra, holds that the final determination of infringement issues between the patent holder and the manufacturer alleged to have infringed, determines the same issues as to the manufacturer's customer. In the course of the opinion, the court states [206 U.S. 285, 27 S.Ct. 613]: "If rights between litigants are once established by the final judgment of a court of competent jurisdiction those rights must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound by it."

The court in the United States Rubber case aptly states:

"The cases now before us call for the application of the rule laid down in Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065, where it was held that a patentee who has been unsuccessful in a patent infringement suit against a manufacturer may be restrained from interfering with the business of the defendant by prosecuting other infringement suits on the same patent against the defendants' customers. We meet this situation on this appeal since Minnesota is now seeking to prohibit the defendants from using the product of Plymouth on the same grounds as were found insufficient in the case against Sears." 279 F.2d at page 416.

Plymouth here is actively defending the present suit. It is entitled to the benefit of the non-infringement judgment rendered in the Sears case, in which both the present plaintiff and Plymouth were parties.

Plaintiff additionally contends that the favorable judgment holding its patent in-

fringed, which it obtained in case No. 879–G in North Carolina, against Pine State Electric Supply Co., Inc., a distributor of Plymouth's "S. I." tape, at least entitles it to a trial on the merits on the issue of infringement in the present case. No. 879–G was combined for trial with the Sears case. Since no appeal was taken, the judgment became final. Plaintiff apparently takes the position that the conflict between this decision and the other decisions holding no infringement creates a fact dispute on the infringement issue. Plaintiff does not contend that Plymouth or defendant is conclusively bound by the decision in No. 879–G. Plaintiff, in its brief, states:

"While we do not deny that defendant is entitled to relitigate the 'S. I.' tape infringement issue here, notwithstanding the adjudication of 'S. I.' tape against Pine State, yet, on the other hand, it is extraordinary for defendant to be contending (and for the District Court to accept) that it is entitled to judgment in its favor without trial."

Plaintiff's contention is without merit. It is undisputed that Plymouth was neither a party to nor a participant in the defense in case No. 879–G. No doubt the parties to that case are bound by the judgment, but such parties are in no way involved in the present controversy. Plaintiff cites no authorities to support its contention. We are unable to find any legal basis for saying that Plymouth is in any way bound or affected by the judgment entered in case No. 879–G. The court in the Chicago case summarily rejected a like contention.

The district court's decision in the Pine State Electric case has no force as a precedent. It is completely inconsistent with the opinion of its reviewing court of appeals in the Sears case and the United States Rubber case.

▮ Plaintiff has failed to demonstrate that the court committed any error in dismissing its complaint.

The judgment appealed from is affirmed.