UNITED STATES of America for the Use of C. W. ATKINS, d/b/a Atkins Welding Shop, Appellant,

v.

B. H. REITEN and Leonard Stewart, Partners, d/b/a Reiten & Stewart Construction Company, and Continental Casualty Company, a corporation, Appellees.

No. 17440.

United States Court of Appeals Ninth Circuit.

Jan. 28, 1963.

Bell, Sanders & Tallman, and James K. Tallman, Anchorage, Alaska, for appellant.

John E. Manders, Anchorage, Alaska, for appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

Before a contract for the construction of a public work of the United States is awarded, the contractor must furnish a payment bond with surety "for the protection of all persons supplying * * * material in the prosecution of the work." 40 U.S.C.A. § 270a(a)(2) (Section 1(a)(2) of the Miller Act). And "Every person who has furnished * * * material in the prosecution of the work * * * and who has not been paid in full therefor *before the expiration of a period of ninety days* after the day on which the last of the * * * material was furnished * * * by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit." 40 U.S.C.A. § 270b(a) (emphasis added).

Appellant, a materialman, brought suit on a payment bond against appellees, a contractor and his surety, less than nine-ty days after the last of the material for which claim was made by appellant had been furnished. On motion of the surety the complaint was dismissed as to it as premature, with leave granted appellant to file an "amended complaint." Appellant filed an "amended complaint" asserting the same claim, with the additional allegation that more than ninety days had then elapsed since the material was furnished. Some three years later, on the renewed motion of the surety, another Judge of the District Court dismissed the action as to the surety, with prejudice, on the ground that appellant's "right to recovery against the surety depended upon its right at the inception of this suit and that the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause of action pending suit."[1]

Since the additional allegations in appellant's "amended complaint" related to events which had "happened since the date of the pleading sought to be supplemented," Rule 15(d), Federal Rules of Civil Procedure, was applicable.[2] The erroneous characterization of the corrected pleading as an "amended complaint" rather than as a supplemental pleading is immaterial. United States v. Russell, 241 F.2d 879, 882 (1st Cir. 1957).

The Circuits have differed as to whether Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed.[3]

---

1. The District Court did not purport to hold, and the appellees have not argued here, that the premature filing of suit forever bars recovery against the surety under Section 270b(a). See Restatement, Judgments § 54 (1942).

2. "*Supplemental Pleadings.* Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. * * *" Rule 15(d), Fed.R.Civ.P.

3. The Court of Appeals for the Seventh Circuit seems committed to the view that it does not. La Salle Nat'l Bank v. 222 E. Chestnut St. Corp., 267 F.2d 247, 252–253 (7th Cir. 1959). Although a decision of the Court of Appeals for the Second Circuit seems in accord (Bonner v. Elizabeth Arden, Inc., 177 F.2d 703, 705 (2d Cir. 1949)), this has been questioned by an undoubted authority on the Rules (Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876,

We think that it does; there is no reason to read into Rule 15(d) an inflexible limitation upon the broad power vested in the District Court to permit supplemental pleading. Under the Rule, allowance or denial of leave to file a supplemental pleading is addressed to the sound discretion of the District Court; lack of a cause of action when suit is initiated is only one factor to be considered in the exercise of that discretion. Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478, 483 (8th Cir. 1960). See 3 Moore, Federal Practice § 15.16 at 859 and n. 10 (2d ed. 1948). This interpretation of Rule 15(d) is supported by the general purpose of the Rules to minimize technical obstacles to a determination of the controversy on its merits.

■ The District Judge who first ruled on the question exercised his discretion in favor of permitting the filing of the corrected pleading. The District Judge who later dismissed the complaint did so only because he felt bound by what we now hold to have been an erroneous view of the law. Appellees have suggested no prejudice or unfairness resulting to them from the filing of appellant's supplemental pleading. Appellees' counsel conceded on oral argument that no objection could have been raised under Section 270 b(a) if at the time appellant filed his "amended complaint" he had instead filed precisely the same pleading as an initial complaint in a new action. To require appellant to commence a new and separate action in these circumstances would have been to insist upon an empty formalism.

■ It is contended that Rule 15(c)[4] requires that appellant's supplemental pleading be treated as if filed as of the date of the original pleading. Even if we were to assume that Rule 15(c) may be applicable to supplemental pleadings in appropriate circumstances (but see United States v. Russell, 241 F.2d 879, 882 (1st Cir.1957)), we think it is not to be applied here. The statute of limitations problem to which the "relation back" doctrine of the Rule is primarily addressed was not present when the supplemental pleading was filed, and the application of the Rule in the circumstances of this case would produce a result wholly foreign to its remedial purpose. Gerrard v. Campbell, 81 F.Supp. 752, 754 (N.D.Ill.1949). See 1A Barron & Holtzoff, Federal Practice and Procedure § 448 at 753–756 (1960).

Reversed.

---

879–889 (2d Cir. 1952) (Judge Clark, concurring)). On the other hand, the Courts of Appeals of the Fourth and Tenth Circuits have clearly held that it does (Porter v. Block, 156 F.2d 264, 271 (4th Cir. 1946); See Arp v. United States, 244 F.2d 571 (10th Cir. 1957)); and the Courts of Appeals for the First, Fifth and Eighth Circuits have at least indicated a preference for an interpretation which does not necessarily preclude a supplemental pleading in these circumstances. Minnesota Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478, 482–483 (8th Cir. 1960); Camilla Cotton Oil Co. v. Spencer Kellogg and Sons, 257 F.2d 162, 167–168 (5th Cir.

1958); United States v. Russell, 241 F.2d 879 (1st Cir. 1957).

On January 21, 1962, the Supreme Court submitted to Congress a proposed amendment to Rule 15(d) providing that "Permission [to file a supplemental pleading] may be granted even though the original pleading is defective in its statement of a claim for relief or defense."

4. *"Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Rule 15(c), Fed.R.Civ.P.