Hearing:
October 14, 1987
FOR PUBLICATION IN FULL
S. Despertt
Paper No. 39

F168

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

Saks & Company
v.
TFM Industries, Inc.

Opposition No. 72,431 to application Serial No. 489,255 filed
July 10, 1984

Cooper, Dunham, Griffin & Moran for Saks & Company.

G. Cabell Busick and Mason, Fenwick & Lawrence for TFM Industries,
Inc.

Before Rice, Krugman and Hanak, Members.

Opinion by Hanak, Member:

TFM Industries, Inc. seeks registration of FOLIO BY FIRE
ISLANDER for "women's sportswear, namely, dresses, blouses, pants,
and skirts."[1]

Saks & Company has opposed the application based upon its
use and registrations of FOLIO for "retail department store
merchandise catalog";[2] "mail order services in the field of
general merchandise";[3] and "retail store sales catalogs" (Class

---

[1] Application Serial No. 489,255 filed July 10, 1984 claiming
first use on June 19, 1984.

[2] Registration No. 1,196,770 issued June 1, 1982.

[3] Registration No. 1,197,035 issued June 1, 1982.

16) and "retail department store and mail order services" (Class 42).[4] It is the position of the opposer that the use by applicant of FOLIO BY FIRE ISLANDER in connection with women's sportswear is likely to cause confusion, mistake or deception vis-a-vis opposer's trademark and service mark FOLIO for the goods and services specified in the aforementioned registrations. While not specifically stated by opposer in its Notice of Opposition, it is clear that opposer is basing its opposition on Section 2(d) of the Lanham Trademark Act.

The record consists of the pleadings; the file history of application Serial No. 489,255; the testimony deposition (with exhibits) of Mr. Paul Leblang, Senior Vice President and Director of Marketing of Saks Fifth Avenue; the testimony depositions (with exhibits) of Mr. Frank Lerner, applicant's President and Chief Executive Officer; a notice of the cancellation of Registration No. 1,198,021 for the mark FOLIO for "women's shoes" owned by Genesco Inc., made of record by opposer pursuant to a properly filed notice of reliance; applicant's answers to opposer's first set of interrogatories; and opposer's responses to certain of applicant's requests for admission. Both parties filed briefs and attended a hearing held on October 14, 1987.

---

[4] Registration No. 1,231,065 issued March 15, 1983.

2

Priority of use is not an issue in this proceeding, and applicant does not contend to the contrary. Hence, this Board must determine whether applicant's mark as used in connection with its goods is likely to cause confusion, mistake or deception vis-a-vis opposer's mark as used in connection with its goods and services.

Applicant's president and chief executive officer testified upon written questions that applicant sells its FOLIO BY FIRE ISLANDER women's sportswear "to retail clothing stores." (Lerner 10/20/86 dep. 3). Opposer's mark FOLIO is registered, in part, for "retail department store... services" (Registration No. 1,231,065).[5] The undisputed testimony of opposer's director of marketing establishes that a significant portion of opposer's retail department store and mail order services provided under the mark FOLIO involves women's apparel. With regard to mail order services, this has been the case since 1972 when opposer first began making use of FOLIO in connection with mail order services. (Leblang dep. 8). Moreover, the value of goods sold in connection

---

[5] Opposer's FOLIO mark is also registered for "mail order services." Applicant's president and chief executive officer has testified that applicant is "not in the... mail-order business." (Lerner 5/15/87 dep. 20). However, the description of goods in the application places no limitation as to the manner of sale or method of distribution of applicant's women's sportswear. Therefore, while applicant may currently not be selling FOLIO BY FIRE ISLANDER women's sportwear by mail order, there is no such limitation in the application itself. Moreover, in any event, it is undisputed that applicant sells its women's sportswear under the mark FOLIO BY FIRE ISLANDER in retail stores and that opposer's FOLIO mark is registered, in part, for "retail department store... services."

with opposer's FOLIO mail order service has increased steadily with sales in 1985 alone at approximately 29 million dollars (Leblang dep. 44).

While applicant seeks registration of a trademark for women's sportswear and while opposer relies essentially on its service mark rights in FOLIO,[6] "it is well recognized that confusion in trade is likely to occur from the use of similar or the same marks for goods and products on the one hand and for services involving those goods and products on the other." Steelcase Inc. v. Steelcare Inc., 219 USPQ 433, 435 (TTAB 1983). See also Safety-Kleen Corp. v. Dresser Industries, Inc., 518 F.2d 1399, 186 USPQ 476, 480 (CCPA 1975).

Hence, the issue to be determined is whether when used in connection with these closely related goods and services, FOLIO BY FIRE ISLANDER so resembles FOLIO so as to be likely to confusion, mistake or deception. Obviously, all of opposer's mark (FOLIO) is included within applicant's trademark FOLIO BY FIRE ISLANDER. Opposer argues, naturally, that the FOLIO portion of FOLIO BY FIRE

---

[6] Certain of opposer's trademark registrations also cover the actual retail store merchandise catalogs themselves. Registration Nos. 1,196,770 and 1,231,065. This Board is of the view that the use of FOLIO for catalogs per se and of FOLIO BY FIRE ISLANDER for women's apparel, by opposer and applicant, respectively, is not in and of itself likely to cause confusion, mistake or deception. Rather, our concern is with the nature of the mail order and retail department store services rendered under the FOLIO service mark as compared to the women's apparel sold under the FOLIO BY FIRE ISLANDER trademark. As indicated, a substantial segment of opposer's mail order and retail department store services involves women's apparel, and this is the area of concern.

ISLANDER is the dominant portion of the mark. (Opposer's brief page 12). Not surprisingly, applicant argues that FIRE ISLANDER is the dominant portion (Applicant's brief page 10).[7] While FOLIO may or may not be the dominant portion of FOLIO BY FIRE ISLANDER, this Board finds that at the very least it is a very prominent portion of applicant's mark as demonstrated by the following passage taken from the May 15, 1987 deposition of applicant's president and chief executive officer (Lerner dep. 6-7):

> Q. What is the difference between that [Fire Islander] and what you sell under the Folio by Fire Islander?
>
> A. Most of the products in Folio are woven. There are some knits included, but of different--basically it is a woven line.
>
> Q. Generally Fire Islander are knit products and generally Folio by Fire Islander are woven?
>
> A. Now that knits are trending, we have put some knits in Folio by Fire Islander but the Fire Islander ones tend to be double knits more basic knit goods. The Folio goods are more trendy items one might say.

---

[7] Applicant also argues "that Opposer's alleged FOLIO mark is inherently weak as used in relation to catalogs" citing dictionary definitions of the word "folio" and the fact that opposer's director of marketing during the course of his deposition on occasion referred to opposer's FOLIO catalog as a "book." (Applicant's brief pp. 8-9). For the reasons outlined in footnote 6 supra, this Board need not determine whether FOLIO as applied to a catalog is a weak mark because our concern is with the mail order and retail department store services rendered by opposer under its FOLIO service mark, and not with the catalogs per se produced by opposer under its FOLIO trademark.

5

From the foregoing, it is obvious that applicant's president and chief executive officer on occasion would abbreviate the full trademark FOLIO BY FIRE ISLANDER to simply FOLIO. If applicant's president and chief executive officer was prone to abbreviation during the course of a formal deposition, this Board finds it likely that many purchasers may likewise tend to abbreviate the rather lengthy four word trademark FOLIO BY FIRE ISLANDER to simply FOLIO. As demonstrated by the foregoing series of questions and answers, it is unlikely that FOLIO BY FIRE ISLANDER will be abbreviated to simply FIRE ISLANDER in light of the fact that applicant has a separate, preexisting line of clothing which it sells under the mark FIRE ISLANDER.

Moreover, the use of the phrase BY FIRE ISLANDER may only tend to increase and not decrease the likelihood of confusion, mistake or deception by suggesting that applicant is the source of or affiliated with at least some of the women's sportswear featured in opposer's catalogs and retail department stores. In re Christian Dior, 225 USPQ 533, 535 (TTAB 1985); Richard Hudnut v. Du Barry of Hollywood, Inc., 127 USPQ 486 (S.D. Cal. 1960), aff'd 323 F.2d 986, 139 USPQ 112 (9th Cir. 1963) (DU BARRY OF HOLLYWOOD held confusingly similar to DU BARRY).

This Board concedes that this case is not free from doubt. However, on balance, it is the opinion of this Board that the use of applicant's mark FOLIO BY FIRE ISLANDER for women's sportswear is likely to cause confusion, mistake or deception vis-a-vis opposer's mark FOLIO for mail order and retail department store

services featuring, in part, women's sportswear. Moreover, to the extent that there is room for doubt, it must be remembered that "any doubt as to the likelihood of confusion... must be resolved against the newcomer." <u>Giant Food, Inc. v. Nation's Food Service, Inc.</u>, 710 F.2d 1565, 218 USPQ 390, 395 (Fed. Cir. 1983).

Decision: The opposition is sustained, and registration to the applicant is refused.

J. E. Rice

G. D. Krugman

E. W. Hanak
Members, Trademark
Trial and Appeal Board

DEC 3 0 1987